WHITE & WHITE, INC., Bluefield Supply Co., Crocker-Fels Co., and Ransdell Surgical, Inc., Plaintiffs-Appellees,

v.

AMERICAN HOSPITAL SUPPLY CORP., Defendant-Appellant.

No. 85–1172.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 11, 1985.

Decided March 25, 1986.

W. Donald McSweeney (argued), William A. Montgomery, Joseph R. Lundy, William M. Hannay, Chicago, Ill., for defendant-appellant.

Garret G. Rasmussen (argued), Patton, Boggs & Blow, Washington, D.C., for plaintiffs-appellees.

Before MERRITT and JONES, Circuit Judges, JOHNSTONE, District Judge *.

JOHNSTONE, District Judge.

This is an appeal from a district court decision denying costs to a prevailing party pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. Appellant American Hospital Supply Corp. (AHSC), the defendant in an antitrust action brought by White & White, Inc. and other local distributors of surgical supplies who compete with AHSC, prevailed when this court reversed the decision of the district court and ordered entry of judgment in favor of AHSC. *See White & White, Inc. v. American Hospital Supply Corp.*, 723 F.2d 495 (6th Cir. 1983). After entry of the judgment, AHSC filed a verified bill of costs before the district court seeking, in addition to its costs on appeal, $126,820.58 in trial costs. The unsuccessful plaintiffs filed an objection to AHSC's bill of costs and, after briefing and oral argument, the district court issued an opinion ordering each party to bear its own costs with the exception that the plaintiffs

---

\* Honorable Edward H. Johnstone, Chief Judge, United States District Court for the Western District of Kentucky, sitting by designation.

bear the costs of AHSC's appeal. AHSC appeals the denial of its trial costs.

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." This language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court. The exercise of such discretion is not beyond review; it has been addressed in several opinions of this court. *See Lewis v. Pennington*, 400 F.2d 806 (6th Cir.1968), *cert. denied* 393 U.S. 983, 89 S.Ct. 450, 21 L.Ed.2d 444 (1968), *reh'g denied* 393 U.S. 1045, 89 S.Ct. 616, 21 L.Ed.2d 599 (1969); *United States Plywood Corp. v. General Plywood Corp.*, 370 F.2d 500 (6th Cir.1966), *cert. denied* 389 U.S. 820, 88 S.Ct. 42, 19 L.Ed.2d 71 (1967); *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142 (6th Cir.1959); *National Transformer Corp. v. France Mfg. Co.*, 215 F.2d 343 (6th Cir.1954). Appellant AHSC argues that the district court ignored these precedents and abused its discretion in denying trial costs to the prevailing party.

### SIXTH CIRCUIT GUIDELINES

In an early analysis of Rule 54(d), this court stated that the rule was "intended to take care of a situation where, although a litigant was the successful party, it would be inequitable *under all the circumstances in the case* to put the burden of costs upon the losing party." *Lichter*, 269 F.2d at 146 (emphasis added). We have described several circumstances in which a denial of costs is a proper exercise of discretion under the rule. Such circumstances include cases where taxable expenditures by the prevailing party are "unnecessary or unreasonably large", *id.*, cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, *National Transformer Corp.*, 215 F.2d at 362, cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, *Lichter*, 269 F.2d at 146, and cases that are "close and diffi-cult". *United States Plywood Corp.*, 370 F.2d at 508.

This court has also identified factors that a district court should ignore when determining whether to exercise its discretion and deny costs. Examples of inappropriate factors include the size of a successful litigant's recovery, *Lichter*, 269 F.2d at 146, and the ability of the prevailing party to pay his or her costs. *Lewis*, 400 F.2d at 819. Other courts have identified factors that may be considered but, in the absence of other relevant factors, do not warrant an exercise of discretion under Rule 54(d). An example of a relevant but insufficient basis for denying costs is the good faith a losing party demonstrates in filing, prosecuting or defending an action. *Coyne-Delany v. Capital Development Board of Illinois*, 717 F.2d 385, 390 (7th Cir.1983). Another is the propriety with which the losing party conducts the litigation. *Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 490 (7th Cir.1982).

### FACTORS CONSIDERED BY THE DISTRICT COURT

A careful reading of the district court's opinion suggests that the court weighed nine factors in reaching its decision to deny costs to AHSC. First, other courts have denied costs to prevailing defendants in antitrust actions. Second, AHSC can unquestionably bear its own costs without hardship. Third, the action was reasonable and brought in good faith. Fourth, some of AHSC's trial expenses—particularly the cost of a daily transcript—were not necessary to the defense of the case and, consequently, are not taxable under 28 U.S.C. § 1920(2). Fifth, although this court ultimately determined that AHSC's challenged marketing practices are permissible, the question was sufficiently close for the trial court to find for the plaintiffs on two separate grounds. Sixth, AHSC gained judicial approval of its marketing practices and, therefore, benefited from the action. Seventh, the action benefited the public by assuring the competitiveness of the hospital supply business which will result in

lower health care costs for consumers. Eighth, current changes in the hospital supply market, changes constituting a "profound reformation" in the opinion of this court, *White & White, Inc.*, 723 F.2d at 508, may threaten the demise of small medical-surgical supply houses like those represented by the plaintiffs in this lawsuit. Finally, awarding costs to the prevailing defendant could have a chilling effect on small businesses, for they may be dissuaded from bringing complex and expensive antitrust actions if they risk payment of substantial trial costs for defeat.

■ We agree that costs may be denied to a prevailing defendant in an antitrust action, for no statute or rule expressly supercedes a district court's discretion under Rule 54(d) in such cases.[1] *Cf. Association of Western Railway v. Riss & Co. Inc.*, 320 F.2d 785, 790 (D.C.Cir.1963) (denial of costs to prevailing defendant in an antitrust action); *Ledge Hill Farms, Inc. v. W.R. Grace & Co.*, 230 F.Supp. 638 (S.D.N.Y.1964) (denial of costs to defendant who was deemed the *de facto* victor in an antitrust action in which the plaintiff won but was awarded no damages). Having found that a discretionary denial of costs is permissible in an antitrust action, we now examine the other factors articulated by the district court to determine whether its decision to deny AHSC's costs was proper. Inappropriate factors must be identified and discarded. Any remaining factors may then be evaluated using the guidelines established by this court in previous decisions.

### EVALUATION OF THE DISTRICT COURT DECISION

■ The district court erred in considering AHSC's ability to bear its own expenses without hardship, for the *Lichter* decision "negates the conclusion that the ability of a party litigant to pay costs is a valid criterion in assessing them." *Lewis,* 400 F.2d at 819. Although the district court considered an inappropriate factor in denying costs, its consideration of AHSC's ability to pay will not constitute reversible error if the remaining factors support its decision.

■ The district court addressed the plaintiffs' good faith in bringing the antitrust action against their larger competitor. The good faith of unsuccessful litigants is a relevant consideration in Rule 54(d) deliberations. Good faith without more, however, is an insufficient basis for denying costs to a prevailing party. *Coyne-Delany*, 717 F.2d at 390. The soundness of the district court's decision to deny costs must be judged by the appropriateness of the remaining factors.

■ During post-reversal proceedings before the district court, the plaintiffs objected to a third of the $126,820.58 in taxable costs claimed by AHSC. In apparent agreement with the plaintiffs' position, the district court observed that some of the defendant's costs—in particular the cost of a daily transcript of the trial—were helpful but not necessary for defense of the case. Denials of costs are appropriate where the prevailing party's taxable costs are unnecessary or unreasonably large. *Lichter*, 269 F.2d at 146. Consequently, if the costs denied by the district court were unnecessary, denial of those costs was a proper exercise of discretion under Rule 54(d).

Our review of the judgment of the district court on the necessity of AHSC's trial costs must be consistent with the degree of deference due a discretionary act under Rule 54(d). The rule establishes a norm of action: prevailing parties are entitled to their costs as of course. Departures from the rule are permitted; however, "when

---

**1.** Section 4 of the Clayton Act provides that a person injured by a violation of the antitrust laws "shall recover ... the cost of suit." 15 U.S.C. § 15(a). Section 4 supercedes a district court's discretion under Rule 54(d) to deny costs to a prevailing plaintiff in an antitrust suit. It does not, however, expressly supercede a court's discretion in cases where the plaintiff fails to prove a violation of the antitrust laws. *Lewis v. Pennington*, 400 F.2d 806, 819 (6th Cir.1968), *cert. denied* 393 U.S. 983, 89 S.Ct. 450, 21 L.Ed.2d 444 (1968), *reh'g denied* 393 U.S. 1045 (1969).

rules prescribe a course of action as the norm but allow the district court to deviate from it, the court's discretion is more limited than it would be if the rule were nondirective." *Coyne-Delany,* 717 F.2d 385, 392 (7th Cir.1983).

■ As discussed above, we have established objective criteria for use in ordering and reviewing denials of costs under Rule 54(d). Before the district court, "it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption" favoring an award of costs to the prevailing party. *Lichter,* 269 F.2d at 146. Before the appellate court, however, the party seeking reversal of a discretionary denial of costs must show that the district court committed a error in applying the criteria of this court. *Cf. Balani v. Immigration & Naturalization Service,* 669 F.2d 1157, 1160–61 (6th Cir. 1982).

In its brief, AHSC seeks to show the reasonableness of its trial costs by comparing them with the costs claimed by the plaintiffs before the first appeal of the case to this court. Comparison of the parties' costs for the purpose of showing their reasonableness affords no benefit to AHSC, for the district court's decision addresses only the necessity, not the reasonableness, of AHSC's costs.

AHSC suggests that the district court should be bound by the plaintiffs' characterization of daily transcript costs as necessary. That characterization appears in the plaintiffs' motion for costs under the Clayton Act, 15 U.S.C. §§ 15, 26, which they filed prior to our reversal of their victory at trial. The district court entered an order holding the plaintiffs' motion for costs in abeyance pending resolution of AHSC's initial appeal to this court. Our reversal of the district court's verdict rendered the plaintiffs' motion for costs under the Clayton Act moot. The district court, therefore, never subscribed to the plaintiffs' characterization of daily transcript as a necessary cost. The plaintiffs' changing, self-serving characterizations of taxable costs in no way abridged the court's ability to independently evaluate the necessity of those costs.

■ The appellant has failed to show clear error by the district court in characterizing daily transcript costs as unnecessary. We therefore will not disturb the district court's decision to deny AHSC's daily transcript costs. Although the court may deny unnecessary costs, unnecessary costs are not a reason for denying all costs. The district court made no finding, beyond its reference to daily transcript costs, on which costs were unnecessary. Remand for more particular findings will not be necessary, however, because the remaining factors are sufficient to support the district court's denial of costs to AHSC.

In its memorandum opinion denying costs to AHSC, the district court observed that the case involved complex issues requiring protracted litigation. Indeed, the matter consumed 80 trial days, required 43 witnesses, produced 800 exhibits, generated almost 15,000 pages of transcript, and begat a 95 page opinion. 540 F.Supp. 951–1046 (W.D.Mich.1982). We have approved denials of costs in other difficult cases. *See, e.g., United States Plywood Corp. v. General Plywood Corp.,* 370 F.2d 500 (6th Cir.1966). In *United States Plywood,* a large plywood manufacturer challenged the validity of a patent on a plywood finishing process held by a smaller competitor. The smaller competitor, by counterclaim, asserted the validity of its patent and alleged infringement by the large manufacturer. As in the case now before us, a lengthy trial ensued. The district court ruled that the defendant's patent was valid but found no infringement by the plaintiff. Again, as in the case now before us, the parties were ordered to bear their own costs. On appeal, this court upheld the denial of costs noting that the case was "close and difficult". *Id.* at 508.

The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the diffi-

culty of discerning the law of the case. Although we reversed the lower court in the AHSC case for fundamental errors in its market analysis and remarked that the "essence of the matter is not factually complex", 723 F.2d at 498, we do not belittle the difficult process a trial court oversees in distilling complex antitrust-allegations to their legal and factual essence for review by an appellate court. The case was not a simple one and we find that, despite its errors, the district court acted properly in considering the length and difficulty of the case as a factor in denying costs to AHSC.

The sixth, seventh, eighth and ninth factors articulated by the district court concern the public and private interests affected by the AHSC decision and are relevant for determining the equity of awarding costs "under all the circumstances of the case." *Lichter*, 269 F.2d at 146; *cf. Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981). Analysis of those factors is not necessary, however, for the district court's denial of costs can be upheld on the basis of the plaintiffs' good faith, the defendant's unnecessary costs, and the difficulty of the case. No expansion of our earlier decisions on Rule 54(d) is required to reach this result.

### CONCLUSION

Costs may be denied a prevailing defendant in an antitrust action at the discretion of the district court pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. Exercises of discretion under that rule are subject to guidelines established by this court. Although the district court erred in considering AHSC's ability to pay its own costs, the lower court's consideration of the plaintiffs' good faith in conjunction with the defendant's unnecessary costs and the difficulty of the case satisfied the requirements for a discretionary denial of costs under Rule 54(d).

The decision of the district court denying costs to AHSC is AFFIRMED.