**Irving and Charlotte RADOL, et al., Plaintiffs,**

v.

**W. Bruce THOMAS, et al., Defendants.**

No. C-1-82-0013.

United States District Court,
S.D. Ohio, W.D.

Dec. 18, 1986.

See also 772 F.2d 244.

Jacob Stein, Cincinnati, Ohio, Melvin Weiss, New York City, Stanley Wolfe and Stewart Savett, Philadelphia, Pa., for plaintiffs.

Murray Monroe, Cincinnati, Ohio, John Strauch, Cleveland, Ohio, John Beatty, Cincinnati, Ohio, and Richard Holwell, New York City, for defendants.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court on plaintiffs' motion for review of the Clerk of Court's January 21, 1986, Amended Order Taxing Costs (doc. 289.)

Defendants prevailed in this corporate takeover action and a jury of the United States District Court entered judgment on June 30, 1983. (doc. 258). The United States Court of Appeals for the Sixth Circuit affirmed the District Court on December 9, 1985 (doc. 283.)

Defendants filed their Bills of Costs (docs. 279 and 280) on October 15, 1985, pursuant to Fed.R.Civ.P. 54(d). A costs hearing was held before Deputy Clerk Daniel J. Lyons, Jr. on January 8, 1986, at which all parties were represented by counsel and objections were noted by Mr. Lyons.

The clerk taxed as costs $138,924.42 owed to defendant United States Steel (hereinafter "U.S. Steel"), and $51,406.94 owed to defendant Marathon Oil Company (hereinafter "Marathon"). (Doc. 288, pp. 3, 5). Thereafter, plaintiffs moved for review of the Amended Order Taxing Costs.

## I. SIXTH CIRCUIT GUIDELINES

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs."

The United States Court of Appeals for the Sixth Circuit holds that Rule 54(d) creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court. *White & White v. American Hospital Supply Corp.*, 786 F.2d 728, 730 (6th Cir. March 25, 1986). The Court in *White & White* upheld a total denial of costs to prevailing defendants in an antitrust action.

The appellate court also noted that the District Court should consider only the necessity, not the reasonableness, of the prevailing party's costs. *Id.* at 732.

## II. ISSUES

The Court now considers the issues raised by the unsuccessful plaintiffs, in view of the Sixth Circuit guidelines developed in the recent *White & White* decision, *supra;* in view of the Local Rules for the United States District Court for the Southern District of Ohio (hereinafter "Local Rules"); and in view of the Office of the Clerk's Guideline for Attorneys Regarding Taxation of Court Costs in the Southern District of Ohio (hereinafter "Guidelines.")

### 1. *Timeliness*

■ The Court holds that defendants' cost bills were timely filed. It would be inefficient and impractical to require the prevailing party at the trial court level to file a cost bill before a court of appeals has a chance to decide the appeal. Fed.R. Civ.P. 54(d) allows costs to be taxed by the prevailing party. But the prevailing party could change, once the case is before the appellate court, and that change would invalidate any Bill of Costs filed after entry of the District Court judgment.

Local Rule 5.8 provides that the Bill of Costs is to be filed within 30 days of the entry of judgment. This rule did not apply to defendants because the rule was not in

effect when this Court's judgment was entered. Once the appellate court's mandate was entered, defendants complied with the rule.

Hereafter, Local Rule 5.8 should be considered stayed and the Clerk should delay taxing costs until the time for an appeal has expired or until judgment is entered by the United States Court of Appeals for the Sixth Circuit. After judgment is entered by the appellate court, the prevailing party has thirty days to file the Bill of Costs.

■ However, in accordance with the Guidelines, p. 1, an exception to delaying taxing costs is made whenever a prevailing party requests that the clerk tax costs, so the amount of costs can be determined prior to issuance of process in aid of execution of judgment.

### 2. *Daily transcripts*

The clerk allowed $10,018.50 for defendant Marathon and $6,595 for defendant U.S. Steel. (Doc. 288, pp. 3, 5).

The Court holds that defendants should be compensated for a total of two copies of the daily transcript at the daily rate, rather than for four copies, as the clerk allowed. Each defendant will be taxed for one copy apiece.

■ The United States Court of Appeals for the Sixth Circuit holds that costs of a daily transcript can be denied where the transcript is "helpful but not necessary for defense of the case." *White & White*, 786 F.2d at 731. Such are the circumstances in the case at bar. Although defendants likely found four daily transcripts helpful, such costs were not necessary for defense of the case and are not taxable pursuant to 28 U.S.C. section 1920(2). *Id.* at 730.

Defendant contends fewer daily transcripts would have been inconvenient and impracticable, considering the number of defendants plaintiffs chose to sue. (Doc. 290, p. 5). However, the *White & White* case compels the Court to address only the necessity, not the reasonableness, of defendants' costs. *Id.* at 732.

When costs are unnecessary, as were the costs here, the District Court can exercise its discretion pursuant to Fed.R.Civ.P. 54(d) to deny those costs. *Id.* at 731.

Upon review of the defendants' exhibits to their cost bills, the Court added the total cost for two daily copies and divided that total in half. The Court finds that each defendant should be compensated $3,287.50 for daily transcripts. Marathon is denied costs for a daily transcript of a preliminary injunction hearing, because defendant did not prevail in that hearing.

### 3. *Fees for Witnesses*

The clerk allowed $1,542.60 for defendant Marathon, and $90,034.35 for Defendant U.S. Steel. (Doc. 288, p. 3, 5).

The Court's decision in *Cincinnati Riverfront Coliseum v. City of Cincinnati*, No. 1–82–128 (S.D. Ohio, January 8, 1985) controls as to costs allowed for defendant U.S. Steel's expert witness, Dr. Robert Hamada. The costs for Marathon's witnesses, $1542.60, were agreed upon by the parties.

In *Cincinnati Riverfront* the Court held that a winning party may only recover a reasonable fee for his testimony in court together with a reasonable per diem for days of actual testimony. *Id.*

However, defendant U.S. Steel claims costs for all the fees charged by Dr. Hamada, a total of $90,034.35, most of which were for pretrial preparation.[1]

Defendant U.S. Steel asserts that in "in view of the complexity of the issues addressed by Dr. Hamada and the scope of

---

**1.** Defendant U.S. Steel misquotes the *Cincinnati Riverfront* decision by stating the case says "an expert witness who did *not* testify will receive a reasonable fee for his testimony...." (Emphasis added), (Doc. 291, p. 7, footnote). In fact, the order does not include the above underlined word "not," and thus the correct quote is "an expert witness who did testify will receive a reasonable fee for his testimony." Thus, defendants U.S. Steel only should be compensated for the time Dr. Hamada actually spent testifying in person, or by means of a deposition. Further, the order states "no expert witness fees will be paid to any expert witness who did not testify." *Id.*

the work he performed in order to give his testimony his fee is in fact a reasonable one." Again, the United States Court of Appeals for the Sixth Circuit prohibits this Court from considering the reasonableness of defendants' costs, requiring rather an inquiry into the necessity of the cost. *White & White*, 786 F.2d at 732. The Court finds that only Dr. Hamada's court testimony was a necessity and thereby taxable as costs. The Court additionally holds that the balance of defendant U.S. Steel's witness costs should be denied because they are "unnecessary or unreasonably large." *Id.* at 731, citing *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir.1959).

■ In summary, defendants U.S. Steel may only be compensated for the time Dr. Hamada actually spent on the stand, for any of his depositions used at trial and for a reasonable per diem for days of actual testimony.

The Court's trial notes indicate that Dr. Hamada testified on June 9, 1983, from 8:35 to 9:55 a.m.; from 10:05 to 11:10 a.m.; from 11:20 to noon; from 2:10 to 3:10 p.m. and from 3:25 to 4:15 p.m. On June 10, 1983, Dr. Hamada completed his testimony by appearing from 1:00 p.m. to 2:10 p.m. In total Dr. Hamada spent approximately five hours and 45 minutes testifying at an hourly rate of $225, for a total of $1293.75.

Dr. Hamada also spent four hours in a deposition that was used at trial and the cost of that item, at an hourly rate of $225, is $900. Lastly, the per diem for all of U.S. Steel's witnesses, including expert witness Dr. Hamada, was $951.25.

U.S. Steel should be compensated in the amount of $3145.00 for witness fees and Marathon should be compensated $1542.60, by agreement of the parties.

4. *Exemplification and copies (Fees for copies that were "necessarily obtained for use in the case.")*

The clerk allowed defendants more than $61,000 under this category (U.S. Steel, 32,-317.47; Marathon, $29,345.75.) (Doc. 288, pp. 3, 5).

Defendants contend they should be allowed these costs based on 28 U.S.C. section 1920(4) which states: "A judge or clerk of any court of the United States may tax as costs the following ... (4) Fees for exemplification and copies of papers necessarily obtained for use in the case."

However, plaintiffs contend defendants have gone beyond the allowed taxing of costs for items "necessarily obtained for use in the case," 28 U.S.C. 1920(4), and have submitted as costs virtually all of the copying and related work which was done for any purpose in this case. (Doc. 287, p. 6).

■ In accordance with the decision in *Cincinnati Riverfront Stadium, supra,* the Court disallows costs for anything under this category except for documents which were used and admitted into evidence.

Upon review of the Court's notes, approximately thirty percent of each of the defendants' exhibits were admitted. The Court also will allow recovery of the cost of jury books.

Regarding U.S. Steel, the clerk allowed $30,843.27 in costs for U.S. Steel's exhibits. Thirty percent of that sum equals $9,252,-98, plus $1474.20 (cost of the jury books,) which brings the total in costs to $10,727.18 for U.S. Steel in this category.

Regarding defendant Marathon, the clerk allowed $30,843.27 in costs for Marathon's exhibits. Thirty percent of that sum equals $7930.64 plus $2910.28 (cost of the jury books,) which brings the total in costs to $10,840.92 for Marathon in this category.

5. *Depositions*

The clerk allowed $9,291.21 for defendant Marathon, and $9,072.60 for defendant U.S. Steel. (Doc. 288, pp. 3, 5)

In accordance with Guideline VIII, this Court's policy is to tax costs on depositions used and read into the record, at a hearing

or trial, by means of direct, indirect, impeachment or rebuttal testimony.

Defendant U.S. Steel claims a total of $8783.56 in deposition and summary judgment hearing costs. The parties agreed to $2930.35 of these costs.

Plaintiffs contend that defendants have submitted invoices for virtually every deposition taken in the case, rather than allowing costs only for those depositions which were presented in lieu of the deponent's in-court testimony. (Doc. 287, p. 7).

Plaintiffs further contest the costs taxed for the summary judgment motion. Guideline VIII provides that only depositions used in successful motions for summary judgment may be taxable, and defendants' motion was only partially successful. The Court granted defendants' summary judgment motion on seven of eight claims. (Docs. 130 and 94).

In accordance with Guideline VIII, the Court reduces the summary judgment costs by one-eighth (⅛), from $3912.96 to $3423.84, since defendant prevailed in only seven of eight claims in the summary judgment motion.

In total, defendant U.S. Steel is entitled to $8294.44 in costs for depositions.

Defendant Marathon claims a total of $9291.21 in deposition and summary judgment hearing costs. Of that total, Marathon claims $511.50 in costs for the summary judgment hearing. As above, that figure is reduced by one-eighth (⅛), from $511.50 to $447.56, because defendant was successful on only seven of eight claims.

In total, defendant Marathon is entitled to $9227.27 in costs for depositions.

### 6. *Costs of Bookcase Rental*

The clerk's award of costs to defendants for bookcase rental (Marathon, $251.38; U.S. Steel, $285.00) is disallowed, as no authority exists to tax costs for such items. (Doc. 288, pp. 3, 5).

### 7. *Denial of All Costs, Versus Denial of Unnecessary Costs*

Plaintiffs' final contention—that defendants' cost bills must be denied in their entirety because portions are defective—is without merit. (Doc. 287, p. 9). The Court notes the holding of the United States Court of Appeals for the Sixth Circuit which states, "[a]lthough the court may deny unnecessary costs, unnecessary costs are not a reason for denying all costs." *White & White*, 786 F.2d at 732.

Accordingly, costs are taxed to defendant U.S. Steel and against plaintiffs in the following amounts:

| | |
|---|---|
| 1. Daily Copy Transcript | $3,287.50 |
| 2. Witness Fees | $3,145.00 |
| 3. Cost Incident to Taking of Depositions | $8,294.44 |
| 4. Fees for Copies of Papers (Exhibits) That Were Necessarily Obtained for Use in the case | $10,727.18 |
| 5. Cost to be Recovered by Appellee U.S. Steel from Mandate Issued 12/9/85 by the United States Court of Appeals for the Sixth Circuit | $620.00 |
| Total | $26,074.12 |
| Cost to be recovered by appellee against appellant intervenors Tjarks & Armstrong, Sixth Circuit Mandate issued 12/9/85 | $646.00 |

Costs are taxed to defendant Marathon Oil Company and against plaintiffs, in the following amounts:

| | |
|---|---|
| 1. Daily Copy Transcript | $3295.50 |
| 2. Witness Fees (agreed to by the parties) | $1542.60 |
| 3. Cost Incident to Taking of Depositions | $9227.27 |
| 4. Fees for Copies of Papers (Exhibits) That Were Necessarily Obtained for Use in the case | $10,840.92 |
| 5. Cost to be Recovered by Appellee U.S. Steel from Mandate Issued 12/9/85 by the United States Court of Appeals for the Sixth Circuit | $957.50 |
| Total | $25,863.79 |
| Cost to be recovered by appellee against appellant intervenors Tjarks & Armstrong, Sixth Circuit Mandate issued 12/9/85 | $844.00 |

IT IS SO ORDERED.