**VIRGINIA PANEL CORPORATION,**
Plaintiff,

v.

**MAC PANEL COMPANY, Defendant.**

No. CIV. A. 5:93CV00006.

United States District Court,
W.D. Virginia,
Harrisonburg Division.

Sept. 7, 2001.

Gregory Thomas St. Ours, Wharton, Aldhizer & Weaver, PLC, David A. Penrod, Hoover, Penrod, Davenport & Crist, Harrisonburg, VA, Kenneth E. Krosin, Foley & Lardner, Washington Harbour, Washington, DC, Timothy R. DeWitt, Arnold & Porter, Thurman Anold Building, Washington, DC, Christopher W. Brody, Lowe, Price, Leblanc & Becker, Alexandria, VA, for plaintiff.

Holmes Conrad Harrison, III, Harrison, Thumma & Start, P.C., Harrison, VA, C. William Craycroft, Neal J. Stephens, Jennifer L. Tsay, McCutcen, Doyle, Brown & Enerson, Palo Alto, CA, Dalbert U. Shefte, Shefte, Pinckney & Sawyer, Charlotte, NC, Thomas H. Jenkins, Michael A. Morin, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., Washington, DC, Robert J. Walters, Pillsbury Winthrop LLP, McLean, VA, for defendant.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

On May 29, 1996, the court permanently enjoined the defendant, MAC Panel Company (MAC Panel), from infringing plaintiff

Virginia Panel Corporation's (Virginia Panel) U.S. Patent No. 4,329,005 ("the '005 patent"). On June 11, 1999, Virginia Panel filed a motion to hold MAC Panel in contempt of the court's permanent injunction. Virginia Panel alleged MAC Panel violated the injunction by selling and offering to sell the very products found to infringe, as well as a redesigned product that, due to a failed engineering effort, does not avoid infringement. This court issued a memorandum opinion (the "Memorandum Opinion") and order on April 17, 2001 denying Virginia Panel's contempt motion.

Before the court is the defendant's April 30, 2001 petition for approximately $23,000 in costs incurred in the contempt action. Having fully considered the issues presented and the parties' arguments, the court shall deny the defendant's petition.

## I.

■ The defendant has filed a motion for costs pursuant to Fed.R.Civ.P. 54(d), which provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." This means that there is a presumption in favor of an award of costs, and costs may be refused under this rule only if the district court "justif[ies] its decision by 'articulating some good reason for doing so.'" *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir.1994) (quoting *Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir.1990)). The plaintiff argues that the court has good reason in this case to refuse MAC Panel's request for costs.

Specifically, the plaintiff cites *Crusenberry v. Boddie–Noell Enters.*, 2001 WL 418737 (W.D.Va.2001), in support of its claim that, when a case is particularly close and difficult, courts are willing to deviate from the general

rule and deny a request for costs. The plaintiff maintains correctly that, in the present action, this court "acknowledged throughout its opinion that this was a very close and difficult case." (Pl.'s Opp'n Mem. at 2.) We agree that the unique closeness of this case merits consideration with regard to the taxation of costs.

■ A case's closeness "is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficultly of discerning the law of the case." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728 (6th Cir.1986). In this case, MAC Panel did not dispute that it had manufactured and sold infringing "old-design" receivers, but argued that it had not violated the injunction prohibiting the manufacture and sale of those receivers because MAC Panel was entitled to "governmental immunity" pursuant to 28 U.S.C. § 1498.[1] This statute immunizes an infringer who uses or manufactures an infringing product for the Government, and with the authorization and consent of the Government. Memorandum Opinion at 7. While this court found that MAC Panel's affirmative defense under 28 U.S.C. § 1498 was valid, it was not without difficulty. The connection between MAC Panel's manufacture of the infringing receivers and eventual sale to the government was often attenuated, and in some instances required factual inquiry by this court. Furthermore, assiduous analysis was required to address Virginia Panel's contention that MAC Panel induced and contributed to its customers' infringement. While this court concluded that insufficient evidence existed to support Virginia Panel's claim, this determination was made after we initially found that MAC Panel had attempted to induce its customers to infringe Virginia Panel's patent. It was

---

1. Section 1498 provides, in relevant part:

   (a) Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without a license of the owner thereof or lawfully right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire

   compensation for such use and manufacture. . . .

   For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and without the authorization or consent of the Government, shall be construed as use or manufacture for the United States.

only because insufficient evidence existed to establish that MAC Panel's customer's actually used the ITAs in an infringing manner that Virginia Panel's claim was denied. This case was not a simple one, and thus the closeness and difficulty of the case is an appropriate factor in considering whether MAC Panel should be denied costs.

■ However, this, by itself, is an insufficient basis for rebutting the presumption in favor of awarding costs. The closeness and difficulty of a case is a factor that may be considered but, in the absence of other relevant factors, does not warrant an exercise of discretion under Rule 54(d). *See White & White*, 786 F.2d 728. For example, while the court in *Crusenberry* found that "the case was a 'relatively close and difficult' one," this was not the only basis for the court's decision to deny costs. 2001 WL 418737 at *2. Rather, the plaintiff's inability to pay the costs because of her advanced age and condition, in conjunction with the fact that she acted in good faith in bringing what was a "relatively close and difficult case," led the court to find that a deviation from the general rule was appropriate. *Id.* This analysis is similar to that used by the Fourth Circuit in *Teague*, in which the Court first recognized a case's close and difficult nature as a potential basis for denying an award of costs to a prevailing party. In *Teague*, the Court found that it had "good reason" for denying costs because the plaintiffs had proceeded in good faith, the case was relatively close and difficult, and the plaintiffs were in general of modest means and had fallen victim to fraud. 35 F.3d at 996. Unlike the plaintiffs in *Crusenberry* and *Teague*, Virginia Panel has the ability to pay MAC Panel's costs.

■ While neither the good faith of the losing party nor the closeness and difficulty of the issues it raised are, by themselves, sufficient to overcome the presumption favoring the prevailing party, the presence of both these factors may support judicial discretion if "it would be inequitable under all the circumstances in the case to put the burden of costs on the losing party." *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir.1959). In this case, placing the burden of costs on Virginia Panel would be unjust.

Virginia Panel acted in good faith in prosecuting this case and presented issues of a close and difficult nature. In addition, the fact that, despite the injunction issued against it, MAC Panel continued to infringe Virginia Panel's patent bolsters this court's decision to deviate from the presumption in favor of the prevailing party, though the court recognizes that the sale of these devices to the government immunizes the defendant from a finding of contempt. While consideration of the prevailing party's actions is most often deemed a penalty for misconduct during the course of litigation, conduct outside the litigation process may be relevant to determining whether an award of costs is inequitable. *See, e.g., USM Corp. v. SPS Techs., Inc.*, 102 F.R.D. 167 (N.D.Ill.1984) (holding the an award of costs would be inequitable based on the prevailing party's conduct prior to litigation). In 1996, this court permanently enjoined MAC Panel from infringing Virginia Panel's '005 patent by manufacturing, using, or selling products that a jury previously adjudged to infringe the '005 patent. MAC Panel then resumed the manufacture and sale of products previously enjoined by this court. In response to MAC Panel's recommencement of infringing activity, Virginia Panel brought the current action. MAC Panel conceded that it was manufacturing and selling infringing receivers, but argued, and this court held, that it was immune from liability due to application of the "governmental immunity" affirmative defense set forth in 28 U.S.C. § 1498. MAC Panel prevailed in this matter due to its often tenuous status as a vendor to the U.S. government; though immunized from contempt it clearly infringed a patent for its own benefit and to the detriment of plaintiff Virginia Panel. Then to insist that Virginia Panel pay MAC Panel's litigation costs is, without more, inappropriate. Accordingly, this court views MAC Panel's conduct, in conjunction with Virginia Panel's good faith prosecution in this case and the close and difficult nature of the case, as creating a circumstance which would make it unfair to award costs to MAC Panel under Rule 54(d).

II.

For the reasons discussed above, the court finds that an award of costs to the defen-

dants in this case would be inequitable. Thus, the court denies MAC Panel's motion.

An appropriate Order this day shall issue.

