[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 19, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14534
Non-Argument Calendar

_____

D. C. Docket No. 96-01103-CV-S-N

HENRY LEE "LEROY" PICKETT,
MIKE CALLICRATE,
PAT GOGGINS,
JOHNNY SMITH,
W.J. ROTHWELL RANCH COMPANY,
CHRISTOPHER J. ABBOTT,

Plaintiffs-Appellants,

SAM BRITT, et al.,

Plaintiffs,

versus

IOWA BEEF PROCESSORS,

Defendant,

TYSON FRESH MEATS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

**(August 19, 2005)**

Before CARNES and COX, Circuit Judges, and MILLS[*], District Judge.

PER CURIAM:

This is the companion appeal to <u>Pickett v. Tyson Fresh Meats, Inc.</u>, 04-12137, in which we affirmed the district court's judgment as a matter of law for Tyson Fresh Meats, Inc. in Henry Lee Pickett's class action lawsuit brought under the Packers and Stockyard Act of 1921.

In this opinion, we address Pickett's appeal from the district court's order assessing costs against him. After the district court granted Tyson's motion for judgment as a matter of law, Tyson filed its bill of costs pursuant to Fed. R. Civ. P. 54(d)(1). Pickett lodged both general objections to any costs being awarded to Tyson, and specific objections to individual items that Tyson claimed as reimbursable expenses. The district court overruled the general objections, sustained some of Pickett's specific item objections, overruled others, and ordered Pickett to pay $70,198.60 worth of costs to Tyson.

---

[*] Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

Pickett is not pursuing on appeal any of the specific objections he had to individual items in Tyson's bill of costs. Instead, he argues that Tyson, despite securing judgment as a matter of law in its favor, is not a "prevailing party" entitled to costs under Rule 54(d)(1), and that, even if it is, the district court abused its discretion in not rejecting Tyson's request for costs.

"'We review the factual findings underlying a district court's determination regarding prevailing party status for clear error. Whether the facts as found suffice to render the plaintiff a 'prevailing party' is a legal question reviewed de novo.'" Lipscher v. LRP Publ'ns, Inc., 266 F.3d 1305, 1321 (11th Cir. 2001) (quoting Fireman's Fund Ins. Co. v. Tropical Shipping & Constr. Co., 254 F.3d 987, 1012 (11th Cir. 2001)). We review a district court's decision about whether to award costs to the prevailing party for abuse of discretion. Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir.2000) (en banc).

Rule 54(d)(1) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d)(1). The parties agree that, other than Rule 54(d)(1), no other statute or rules apply to the costs in this case. Where their positions diverge is on the question of who is the "prevailing party."

3

A defendant is a prevailing party if the plaintiff achieves none of the benefits sought in bringing its lawsuit. "If the case is litigated to judgment on the merits in favor of the defendant, the defendant is the prevailing party." 10 Moore's Federal Practice § 54.171[3][c][iv], at 54-285 (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 419–20, 98 S. Ct. 694, 699–700 (1978)).

Pickett sought damages from and injunctive relief against Tyson for practices he claimed were in violation of the Packers and Stockyard Act. He did not obtain any of the relief he sought. While the jury's answers to the interrogatory questions on the special verdict form were in Pickett's favor, the district court did not enter judgment on that verdict, and we have affirmed its decision not to do so. Because Pickett lost every aspect of the case and Tyson prevailed on it, Tyson is the "prevailing party" for purposes of Rule 54(d)(1).

Pickett contends that even so, the district court abused its discretion under Rule 54(d)(1) by failing to reject Tyson's request for costs. He relies primarily on White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728, 731–32 (6th Cir. 1986), arguing that where the case is a "close and difficult" one, the non-prevailing party litigated the case in good faith, and it has significantly less financial resources then the prevailing party, a district court should not award costs under Rule 54(d). Pickett is wrong for a number of reasons.

4

First, good faith and limited financial resources are not enough to overcome the strong presumption in favor of awarding costs to the prevailing party. The Sixth Circuit in White & White itself stated that "[g]ood faith without more . . . is an insufficient basis for denying costs to a prevailing party." Id. at 731. Our own en banc decision in Chapman v. AI Transportation held that a district court should not consider the relative wealth of the parties in deciding whether to reject prevailing-party costs. 229 F.3d at 1039.

Second, this case was not a close and difficult one. As our opinion in the appeal on the merits explains, witnesses for both parties agreed that Tyson had a number of competitive justifications for its allegedly unfair practices. The legal issues were not particularly novel or difficult. Although it took a long time to try, the case was not especially complicated. In that respect, it differs from the complicated antitrust lawsuit involved in White & White. See id. at 733.

As we explained in Chapman, a district court needs a "sound basis" to overcome the strong presumption that a prevailing party is entitled to costs. There was none in this case. The district court did not abuse its discretion in awarding costs to Tyson under Rule 54(b)(1).

**AFFIRMED.**

5