**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a1005n.06
Filed: December 22, 2005

**No. 03-3883**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ROBERT L. HUNTER, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| GENERAL MOTORS CORPORATION, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: NORRIS and DAUGHTREY, Circuit Judges; MARBLEY,[*] District Judge.

**PER CURIAM.** In our previous opinion in this case, *Robert L. Hunter v. General Motors Corporation, UAW Local 549, and Ron Willis*, No. 03-3797 (6th Cir. August 24, 2005), we affirmed the district court's judgment memorializing the jury verdict entered in favor of the defendant, General Motors Corporation (GMC). In this separate appeal by the defendant, we are asked to reverse the district court's denial of GMC's motion, as the prevailing party, for an award of costs pursuant to Federal Rule of Civil Procedure 54. Upon review, we find that the district court erred in determining that the case was so "close and difficult" that a denial of costs was justified.

---

[*]The Hon. Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

The plaintiff, Robert Hunter, sued his employer, GMC, claiming that he had been the victim of race and age discrimination when he was denied admission to a training program that, upon successful completion, would have qualified Hunter for a new position with the company at a higher hourly wage. The problem Hunter had in attempting to establish a case of discrimination at trial was that he was one of 85 applicants for the training program and that, out of the 27 finalists, he scored the lowest of all those actually interviewed during the selection process. Reduced to its essentials, the case simply was no more complicated than that. As we noted in our prior opinion, there was "overwhelming evidence" to support the jury's verdict in favor of the employer. In reviewing the legal sufficiency of the evidence, we held that"[t]he plaintiff's own lack of qualifications, not improper racial animus on the part of the defendants, prevented him from attaining the position he desired."

As the district court noted in ruling on the defendant's motion for costs, Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party ("costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs"). In this case the court did direct otherwise, exercising its discretion to deny costs based on our opinion in *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728 (6th Cir. 1986). There we held that it may be appropriate to deny costs in cases that are "close and difficult." *Id.* at 730 (quoting *United States Plywood Corp. v. Gen. Plywood Corp.*, 370 F.2d 500 (6th Cir. 1966)). But, as we also noted in *White & White*, the exercise of discretion authorized by Rule 54(d) is "intended to take care of a situation where, although a litigant was the successful party, it would be inequitable *under all the circumstances in the case*

to put the burden of costs upon the losing party." *Id.* (quoting *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1954) (emphasis in original). Moreover, "[t]he exercise of such discretion is not beyond review . . . ." *Id.*

We respectfully disagree with the district court's description of this case as a "close and difficult" one. Indeed, comparing the altogether straightforward issues litigated in this action with the complexity of the antitrust dispute that was involved in *White & White* makes this point abundantly clear. The latter case "requir[ed] protracted litigation" that "consumed 80 trial days, requiring 43 witnesses, produced 800 exhibits, generated almost 15,000 pages of transcript, and begat a 95 page opinion" by the district judge. *Id.* at 732. The district court characterized this case as involving "close factual questions" meriting denial of the defendant's motion for summary judgment and observed that "[n]othing since that time has changed the way this Court would characterize the facts of this case." However, the standard used to determine whether to grant summary judgment is simply not appropriate in determining whether the losing party has presented sufficient grounds to overcome the presumption in favor of an award to costs under Rule 54(d). We conclude that the use of the summary judgment standard to deny the defendant's Rule 54 motion in this case constituted an abuse of discretion on the part of the district court.

For this reason, the district court's order denying the defendant's Rule 54 motion for costs is VACATED, and the case is REMANDED to the district court for a determination of allowable costs to be awarded to the defendant.