Michael J. **PHILLIPS** and Vickie Phillips, Plaintiffs,

v.

**MORBARK, INC.,** Defendant.

C.A. No. 9:05–2446–PMD.

United States District Court, D. South Carolina, Beaufort Division.

June 19, 2007.

Gregory P. Sloan, Phillip Earl Reeves, Richard S. Stewart, Gallivan White and Boyd PA, Greenville, SC, for Plaintiffs.

Curtis L. Ott, Turner Padget Graham and Laney, Columbia, SC, Kevin G. Dougherty, Warner Norcross and Judd, Grand Rapids, MI, for Defendant.

## ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court on Defendant Morbark, Inc.'s ("Morbark" or "Defendant") Bill of Costs. For the reasons set forth herein, the court taxes costs to the Plaintiffs in the amount of $8,259.08 and requires Plaintiffs to pay Defendant said amount.

## PROCEDURAL HISTORY

This is a products liability action wherein Plaintiffs alleged Defendant manufactured, marketed, distributed, and sold the Morbark Model 4600 Wood Hog wood grinder in a defective and unreasonably dangerous condition. Plaintiffs argued, *inter alia*, the Wood Hog was defective and unreasonably dangerous because (1) the area where Plaintiff injured his hand was not guarded; (2) the remote control did not have a red, mushroom-shaped emergency stop button; and (3) there was no emergency stop button located on the Wood Hog within the reach of the conveyor area. Defendant denied liability, asserting the Wood Hog was not defective and unreasonably dangerous.

This matter was tried before this court and a jury from February 20, 2007 through February 23, 2007. On February 23, 2007, the court entered judgment in favor of Morbark pursuant to a jury verdict in its favor. As it was the prevailing party, Morbark filed a Bill of Costs on March 9, 2007.

## ANALYSIS

In *Teague v. Bakker,* 35 F.3d 978 (4th Cir.1994), the Fourth Circuit discussed the award of costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. In that case, the plaintiffs were members of a class who purchased "Lifetime Partner-

ships" entitling them to a short stay annually in a hotel at a vacation retreat. *Teague,* 35 F.3d at 981. The plaintiffs brought suit against the defendants alleging, *inter alia,* common law fraud, federal and state securities fraud, federal and state RICO violations, and negligence. *Id.* Pursuant to a jury trial, defendants Taggart and Deloitte, Haskins & Sells ("DHS") were absolved of liability. *Id.* Taggart and DHS applied for costs, but the district court denied that motion. *Id.* Taggart and DHS appealed that ruling, and the Fourth Circuit stated,

> Prevailing parties are entitled to move for an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides, in pertinent part: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs ... shall be allowed as of course to the prevailing party unless the court otherwise directs...." The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs. Indeed, the rule gives rise to a presumption in favor of an award of costs to the prevailing party. We have stated that, in a case where the district court feels that aberration from this general rule is appropriate, the court must justify its decision by articulating some good reason for doing so.

*Id.* at 995–96 (internal quotation marks and citations omitted).

The Fourth Circuit considered what might constitute "good reason," noting the Sixth Circuit considered the following factors:

> the excessiveness of costs in a particular case, actions taken by the prevailing party which unnecessarily prolonged trial or injected meritless issues, the fact that the prevailing party's recovery is so small that the prevailing party is victori-

ous in name only, and the fact that the case in question was a close and difficult one.

*Id.* at 996 (citing *White & White, Inc. v. American Hosp. Supply Corp.,* 786 F.2d 728, 730 (6th Cir.1986)). The *Teague* court noted the Seventh Circuit considered objective factors such as "the resources of the parties, the defendant's efforts or lack thereof to mitigate his damages, and the outcome of the underlying suit." *Id.* (citing *Coyne–Delany Co. v. Capital Dev. Bd. of Ill.,* 717 F.2d 385, 392 (7th Cir.1983)).

The Fourth Circuit was clear that while good faith is a factor in determining whether an award of costs is appropriate, "good faith is alone insufficient to warrant a denial of costs in favor of a prevailing defendant." *Id.* In denying the defendants' motion for costs, the district court in *Teague* considered (1) the plaintiffs' good faith in pursuing their claims, (2) the closeness of the outcome, and (3) the fact that the plaintiffs were of modest means and had fallen victim to another defendant's fraud. *Id.* at 996–97. Finding no abuse of discretion in making that determination, the Fourth Circuit affirmed the district court's denial of costs to Taggart and DHS. *Id.* at 997.

■ In Defendant's Bill of Costs, Defendant seeks payment of $8,259.08 from Plaintiffs. Plaintiffs' filed objections to Defendant's Bill of Costs, asserting the court should not allow Defendant to recover its costs because (1) Plaintiffs brought their lawsuit in good faith; (2) Plaintiffs have fewer resources than Defendant; and (3) "this was ... a very close case which ultimately came down to the decision of the trier of fact." (Pls.' Objections at 3.) In Response, Defendant argues this court should award costs because "[i]n *all* of the cases cited in Plaintiffs' Objection to Defendant's Bill of Costs, some costs were awarded to the prevailing party." (Def.'s

Resp. at 1.) Furthermore, while Defendant does not seem to dispute Plaintiffs' assertion that the suit was brought in good faith, it does argue Plaintiffs have significant resources and that this was not a very close case. (Def.'s Resp. at 2.)

 The court agrees with Defendant and therefore taxes costs to Plaintiffs in the amount of $8,259.08.[1] As noted by the Fourth Circuit in *Teague*, there is a presumption in favor of awarding costs to a prevailing party. *See Teague*, 35 F.3d at 996; *see also Cherry v. Champion Intern. Corp.*, 186 F.3d 442, 446 (4th Cir.1999). While the court has the discretion to deny costs to the prevailing party, the court must articulate some "good reason" for doing so. *Teague*, 35 F.3d at 996; *see also Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir.1990). Plaintiffs assert they brought suit against Morbark in good faith, and the court does not doubt Plaintiffs' veracity. However, good faith alone does not justify the denial of costs to the prevailing party. *Teague*, 35 F.3d at 996. Plaintiffs also argue this court should deny costs to Defendant because Plaintiffs have fewer resources than Defendant and because the case was a close one. While Plaintiffs may have fewer resources than Defendant, requiring Plaintiffs to pay $8,259.08 to Defendant will not result in injustice. Plaintiffs own two companies, Phillips Recoveries and ACE Environmental, and Mrs. Phillips testified that together, these businesses have approximately seventy employees. She also testified the businesses have grown rapidly over the past two years and that the businesses are currently doing well. Thus, while Defendant may have more assets than Plaintiffs, the court finds requiring Plaintiffs to pay the costs of the suit is not inequitable. Furthermore, although Plaintiffs assert the case was a close one, the fact that the case was submitted to the jury does not, in the court's opinion, mean the case was "a very close case." The court therefore awards Morbark costs of $8,259.08.

### CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Plaintiffs pay Defendant $8,259.08.

**AND IT IS SO ORDERED.**

---

1. Defendant's Bill of Costs breaks down the requested costs into the categories listed in Local Rule 54.03, D.S.C. Specifically, Defendant seeks (1) $250 for fees of the Clerk of Court; (2) $391.66 for fees for service of summons and subpoena; (3) $7,049.82 for fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case; (4) $320 in fees for witnesses; and (5) $247.60 for fees for exemplification and copies of papers necessarily obtained for use in the case. (*See* Def.'s Bill of Costs.) Defendant also attaches the affidavit of Kevin G. Dougherty, one of the attorneys who represented Morbark in the instant case. In his affidavit, Mr. Dougherty states the Bill of Costs was prepared under his supervision. (Dougherty Aff. ¶ 2.) Furthermore, Mr. Dougherty states that with respect to the court reporter costs, the amounts claimed by Morbark "are typically less than the total amount paid to the court reporters because Morbark has not included in its Bill of Costs fees charged for expedited delivery of transcripts, copies of transcripts on diskette and condensed transcripts." (Dougherty Aff. ¶ 4.)

Although Plaintiffs seek to avoid the taxation of costs altogether, Plaintiffs do not argue the amount of costs sought by Defendant is improper. Accordingly, having found the taxation of costs is appropriate in this case, and that Defendant's request is consistent with Local Rule 54.03, the court taxes costs to Plaintiffs in the amount of $8,259.08.