NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 8 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAUREL J. MAU,<br><br>    Plaintiff-counterclaim-<br>    defendant-Appellee,<br><br>  v.<br><br>MITSUNAGA & ASSOCIATES, INC.,<br><br>    Defendant-counter-claimant-<br>    Appellant. | No.    14-17370<br>          15-15109<br><br>D.C. No.<br>1:12-cv-00468-DKW-BMK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted October 11, 2018**
Honolulu, Hawaii

Before:  WARDLAW, BERZON, and BENNETT, Circuit Judges.

Mitsunaga & Associates, Inc. ("MAI") appeals the district court's orders (1) denying MAI's motion to tax costs and (2) denying MAI's motion for attorneys' fees and non-taxable costs.  We affirm both orders.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Laurel Mau ("Mau") brought federal and state employment discrimination and state-law tort claims against her former employer, MAI. MAI brought counterclaims for alleged self-dealing and fraud. The jury returned verdicts in favor of MAI on all of Mau's claims, and in favor of Mau on all but one of MAI's counterclaims. As to that counterclaim (for breach of loyalty), the jury found in favor of MAI and awarded $1 in damages.

MAI moved for taxation of costs, which the district court denied. The court concluded that MAI was not a "prevailing party" for purposes of Federal Rule of Civil Procedure 54(d). In the alternative, the court determined that even if MAI had prevailed, the court would exercise its discretion not to award costs.

We "review a district court's denial of costs for abuse of discretion." *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1187 (9th Cir. 2001). We "review *de novo* the legal analysis underlying the district court's finding that [MAI] was [not] a prevailing party." *Kimbrough v. California*, 609 F.3d 1027, 1031 (9th Cir. 2010) (quotation marks and citation omitted).

By its terms, Rule 54(d) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court the discretion to refuse to award costs." *Ass'n of Mex.-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc) (citation omitted). Here, MAI argues that the district court

2

committed legal error in concluding that it did not "prevail" in its claims against Mau in light of the "mixed" nature of the verdict.

To be considered "prevailing," a party must be able to identify a resolution of the dispute that "changes the legal relationship between itself and the other party." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989) (citation omitted). A party is considered "prevailing," even when it receives an award of only nominal damages. *Cf. Farrar v. Hobby*, 506 U.S. 103, 114 (1992). Because only MAI can identify a change in the legal relationship between itself and Mau, only MAI was a prevailing party.

That said, the district court did not abuse its discretion in concluding in the alternative that it would deny costs to MAI even if MAI were considered a prevailing party. The court reasoned that MAI should not recover costs because of "the complexity of the case, Mau's good faith in asserting her claims, the parties' conduct during the course of litigation, and the nominal relief awarded to MAI . . . ."

Contrary to MAI's argument, the district court did not err in considering Mau's good faith when denying the motion for costs. *See Mex.-Am. Educators*, 231 F.3d at 592 n.15 (citing *Teague v. Bakker*, 35 F.3d 978, 997 (4th Cir. 1994); *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)). We affirm the order denying MAI's motion for costs.

We next consider MAI's claim that the district court abused its discretion in denying MAI's motion for attorneys' fees and non-taxable costs. The denial of attorneys' fees to a prevailing defendant under section 706(k) of Title VII (42 U.S.C. § 2000e-5(k)) is also reviewed for abuse of discretion. *Corder v. Gates*, 947 F.2d 374, 377 (9th Cir. 1991) (reviewing award of attorneys' fees in § 1988 case).

A defendant should only be awarded attorneys' fees in a civil rights case when the plaintiff's claims are "frivolous, unreasonable, groundless, or . . . the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 122 (1978). Such fees are reserved for "exceptional circumstances." *Saman v. Robbins*, 173 F.3d 1150, 1157 (9th Cir. 1999).

We have reviewed the record, and we agree with the district court that Mau's claims were not frivolous, unreasonable, or groundless and that this case does not present the sort of "exceptional circumstances" justifying an award of attorneys' fees to a prevailing defendant.

Finally, MAI argues that it was entitled to attorneys' fees under Hawaii law for its successful defense of Mau's state-law discrimination claims. The district court did not abuse its discretion in concluding that Mau litigated in good faith. MAI is therefore not entitled to fees under Hawaii law.

**AFFIRMED.**

4