*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 04a0440p.06

# UNITED STATES COURTS OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

KNOLOGY, INC.,

        *Plaintiff-Appellee,*

    *v.*

INSIGHT COMMUNICATIONS COMPANY, L.P.; INSIGHT
KENTUCKY PARTNERS II, L.P.,

        *Defendants-Appellants.*

No. 03-6390

> Appeal from the United States District Court
> for the Western District of Kentucky at Louisville.
> No. 00-00723—Thomas B. Russell, District Judge.

Argued: October 26, 2004

Decided and Filed: December 29, 2004

Before: NELSON and COOK, Circuit Judges; SARGUS, District Judge.[*]

———————————

## COUNSEL

**ARGUED:** Laurence J. Zielke, PEDLEY, ZIELKE, GORDINIER & PENCE, Louisville, Kentucky, for
Appellants. Eric L. Ison, GREENEBAUM, DOLL & MCDONALD, Louisville, Kentucky, for Appellee.
**ON BRIEF:** Laurence J. Zielke, Janice M. Theriot, Adam B. Shadburne, PEDLEY, ZIELKE, GORDINIER
& PENCE, Louisville, Kentucky, for Appellants. Eric L. Ison, Holland N. McTyeire, GREENEBAUM,
DOLL & MCDONALD, Louisville, Kentucky, David O. Stewart, Thomas B. Smith, Robert J. Kovacev,
Robert M. Malone, ROPES & GRAY, LLP, for Appellee.

———————————

## OPINION

———————————

    COOK, Circuit Judge. Defendant-Appellants Insight Communications Company, L.P., and Insight
Kentucky Partners II, L.P. (collectively "Insight") appeal the district court's decision denying Insight
immunity from Plaintiff-Appellee Knology, Inc.'s Sherman Act and 42 U.S.C. § 1983 claims. Because the
*Noerr-Pennington* doctrine insulates Insight from liability for its activities here, we reverse the district
court's decision.

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

## I. Facts and Procedural History

Insight and Knology are cable television service providers. In 1998, the City of Louisville, Kentucky, passed Ordinance 76, granting Insight a franchise to provide cable services. The ordinance included a "level playing field" provision, which states:

> The rights and privileges granted by this ordinance to Operator are not exclusive and nothing herein is intended to or shall be construed so as to prevent the City from granting other . . . franchises . . . provided, however, that [they] are neither "more favorable" nor "less favorable" than those granted to Operator herein . . . . Any subsequent franchise shall contain a provision suspending the effective date for sixty (60) days during which time after prompt written notice is given by the City to Operator, if Operator claims to be aggrieved, parties shall seek a Declaration of Rights in a court of competent jurisdiction during which time the effective date of the subsequent franchise shall be suspended pending a final and nonappealable decision resolving the issue.

Two years later, Louisville enacted Ordinance 114, creating Knology's franchise, which provides:

> The Franchise created by this Ordinance shall become effective as to any particular Franchisee sixty (60) days after the effective date of the Board of Aldermen's Resolution accepting that Franchisee's bid; provided, however, that if [Insight seeks] a Declaration of Rights . . . the effective date of the Franchise . . . shall be suspended pending a final and nonappealable decision resolving the issue.

As the ordinance anticipated, Insight then sued the City in state court, seeking a declaration that the City granted Knology a more favorable franchise. That suit triggered the ordinance provision suspending the effective date of Knology's franchise until a final, nonappealable decision resolved the issue. Some thirteen months later, the state court granted summary judgment for the City, finding that the franchises were substantially similar. The Kentucky Court of Appeals affirmed, and the Kentucky Supreme Court denied discretionary review.

Soon after Insight filed in state court, Knology sued Insight and the City in the district court. Knology argued, among other things, that Insight's state suit and its invocation of the provision suspending Knology's franchise violated the Sherman Act, the Cable Act, and the First Amendment, and that Knology was therefore entitled to damages under the Sherman Act and 42 U.S.C. § 1983. The district court, ruling on a motion for partial summary judgment, viewed Insight's one act—filing suit—as two acts, warranting two contrary holdings: Insight was immune under the *Noerr-Pennington* doctrine for its act of filing the state court action, but not immune for its invocation of the franchise suspension provision (by its act of filing the state court action). The district court also ruled Insight was not immune from Knology's § 1983 claims, because it was a "state actor" when it invoked the suspension. That reasoning led the court to enter summary judgment for Knology on its § 1983 First Amendment claim.

Insight appeals the district court's decision, arguing, among other things, that it is immune from the Sherman Act and § 1983 claims under *Noerr-Pennington*. We agree, reverse the district court's decision on that issue, and remand the case for further proceedings.

## II. *Noerr-Pennington* Immunity

The *Noerr-Pennington* doctrine allows businesses to combine and lobby to influence the legislative, executive, or judicial branches of government or administrative agencies without antitrust or § 1983 liability, because the First Amendment's right of petition protects such activities. *Eaton v. Newport Bd. of Educ.*, 975 F.2d 292, 298 (6th Cir. 1992). The doctrine immunizes parties from liability under antitrust laws or § 1983 for actions taken when petitioning authorities to take official action, even where the petitioning

activity has the intent or effect of depriving another of property interests, except under "very limited circumstances." *Id.*

Those circumstances exist where parties use the petitioning process, rather than the outcome of that process, as an anticompetitive weapon. *City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 380 (1991). Such a "'sham' situation involves a defendant whose activities are not genuinely aimed at procuring favorable government action at all, not one who genuinely seeks to achieve his governmental result, but does so through improper means." *Id.* (citations, emphasis, and internal quotation marks omitted).

Here, the district court appraised Insight's activities—lobbying for including the suspension provisions in Knology's franchise ordinance and filing its state court suit—as legitimate petitioning, protected by the First Amendment and therefore entitled to *Noerr-Pennington* immunity. But the district court went on to decide that:

> the suspension of Knology's franchise, although triggered by Insight's lawsuit, was a product of contract not sought through litigation. The stay was not subject to governmental review, nor was it intended to persuade the government of anything. Instead, it was automatic.

We analyze the issue differently; we see filing the lawsuit and invoking the suspension provision as a single petitioning activity protected by the First Amendment and *Noerr-Pennington*. That this petitioning caused an anticompetitive result is irrelevant to *Noerr-Pennington* analysis. Insight did not stay anything—only the government prevented Knology from moving forward in the face of Insight's suit. Insight simply spurred the City to comply with its own ordinances, by filing its complaint—action immunized by *Noerr-Pennington* and the First Amendment.

The district court noted that the ordinance Insight's suit invoked was "a byproduct of Insight's prior petitioning." This, however, is irrelevant. As the district court acknowledged, the prior petitioning was protected. So was Insight's lawsuit. Considered separately or together, they cannot give rise to liability.

We conclude, therefore, that Insight engaged in nothing more than legitimate petitioning. As a result, *Noerr-Pennington* bars all of Knology's claims for damages against Insight arising out of the stay, foreclosing relief on the other issues raised on appeal.

## III. Conclusion

We reverse the district court's decision denying Insight *Noerr-Pennington* immunity and granting Knology summary judgment on its First Amendment § 1983 claim, and we remand for further proceedings consistent with this opinion.