*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0310p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

KNOLOGY, INC.,

        *Plaintiff-Appellee,*

    *v.*

No. 05-6391

INSIGHT COMMUNICATIONS CO., L.P., INSIGHT
KENTUCKY PARTNERS, L.P.,

        *Defendants-Appellants.*

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 00-00723—Thomas B. Russell, District Judge.

Argued: July 21, 2006

Decided and Filed: August 22, 2006

Before: MARTIN and SUTTON, Circuit Judges; JORDAN, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Laurence J. Zielke, PEDLEY, ZIELKE, GORDINIER & PENCE, Louisville, Kentucky, for Appellants. Eric L. Ison, GREENEBAUM, DOLL & McDONALD, Louisville, Kentucky, for Appellee. **ON BRIEF:** Laurence J. Zielke, PEDLEY, ZIELKE, GORDINIER & PENCE, Louisville, Kentucky, for Appellants. Eric L. Ison, Holland N. McTyeire, Melissa Norman Bork, GREENEBAUM, DOLL & McDONALD, Louisville, Kentucky, for Appellee.

_____

## OPINION

_____

BOYCE F. MARTIN, JR., Circuit Judge. Insight Communications Company, L.P., and Insight Kentucky Partners, L.P., (collectively "Insight") appeal the district court's denial of their motion for costs based on the district court's granting of Knology, Inc.'s motion for voluntary dismissal with prejudice. The dismissal followed this Court's ruling in an earlier appeal that Insight was entitled to *Noerr-Pennington* immunity on Knology's claims for damages, which reversed the district court's determination that only a portion of Knology's claims were barred, as well as its related grant of partial summary judgment in favor of Knology. On remand, both parties filed

_____

[*]The Honorable R. Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

motions for dismissal with prejudice — Insight sought through its motion to have Knology pay its costs in defending the lawsuit, while Knology's motion sought dismissal with both parties bearing their own costs. The district court granted Knology's motion denying costs, and dismissed Insight's motion as moot. For the following reasons, we AFFIRM the district court's decision.

I.

The prior panel decision in this case, issued on December 29, 2004, addressed Insight's interlocutory appeal of the district court's partial grant of summary judgment in favor of Knology on May 30, 2003. *Knology, Inc. v. Insight Commc'ns Co., L.P.*, 393 F.3d 656 (6th Cir. 2004). The facts set forth in that opinion provide helpful background for the present appeal:

> Insight and Knology are cable television service providers. In 1998, the City of Louisville, Kentucky, passed Ordinance 76, granting Insight a franchise to provide cable services. The ordinance included a "level playing field" provision, which states:

>> The rights and privileges granted by this ordinance to Operator are not exclusive and nothing herein is intended to or shall be construed so as to prevent the City from granting other . . . franchises . . . provided, however, that [they] are neither "more favorable" nor "less favorable" than those granted to Operator herein . . . . Any subsequent franchise shall contain a provision suspending the effective date for sixty (60) days during which time after prompt written notice is given by the City to Operator, if Operator claims to be aggrieved, parties shall seek a Declaration of Rights in a court of competent jurisdiction during which time the effective date of the subsequent franchise shall be suspended pending a final and nonappealable decision resolving the issue.

> Two years later, Louisville enacted Ordinance 114, creating Knology's franchise, which provides

>> The Franchise created by this Ordinance shall become effective as to any particular Franchisee sixty (60) days after the effective date of the Board of Aldermen's Resolution accepting that Franchisee's bid; provided, however, that if [Insight seeks] a Declaration of Rights . . . the effective date of the Franchise . . . shall be suspended pending a final and nonappealable decision resolving the issue.

> As the ordinance anticipated, Insight then sued the City in state court, seeking a declaration that the City granted Knology a more favorable franchise. That suit triggered the ordinance provision suspending the effective date of Knology's franchise until a final, nonappealable decision resolved the issue. Some thirteen months later, the state court granted summary judgment for the City, finding that the franchises were substantially similar. The Kentucky Court of Appeals affirmed, and the Kentucky Supreme Court denied discretionary review.

> Soon after Insight filed in state court, Knology sued Insight and the City in the district court. Knology argued, among other things, that Insight's state suit and its invocation of the provision suspending Knology's franchise violated the Sherman Act, the Cable Act, and the First Amendment, and that Knology was therefore entitled to damages under the Sherman Act and 42 U.S.C. § 1983. The district court,

ruling on a motion for partial summary judgment, viewed Insight's one act--filing suit--as two acts, warranting two contrary holdings: Insight was immune under the *Noerr-Pennington* doctrine for its act of filing the state court action, but not immune for its invocation of the franchise suspension provision (by its act of filing the state court action). The district court also ruled Insight was not immune from Knology's § 1983 claims, because it was a "state actor" when it invoked the suspension. That reasoning led the court to enter summary judgment for Knology on its § 1983 First Amendment claim.

*Id*. at 657-58. Insight sought and was granted an interlocutory appeal of the summary judgment order. On that appeal, this Court disagreed with the district court's reasoning that Insight's filing of suit constituted two acts. *Id*. at 659. Instead, it determined that the filing of the state court action and the related suspension of Knology's franchise were in fact a single act, and that *Noerr-Pennington* immunity applied to both. *Id*. The Court's opinion expressly stated: "*Noerr-Pennington* bars all of Knology's claims for damages against Insight arising out of the stay." *Id*.

As Knology now points out, the district court's original summary judgment order granted it relief beyond its money damages claims, and that relief was not reversed by this Court. In the summary judgment order, the district court also granted declaratory judgment in favor of Knology, finding that the Automatic Stay provision violated federal law. Additionally, the district court granted a permanent injunction, preventing the enforcement of the automatic stay provision to suspend Knology's franchise. This injunction was eventually modified pursuant to Insight's motion for reconsideration, but that modification only kept the injunction from applying against Insight, which had no power to enforce the ordinance at any rate, while maintaining the unenforceability of the stay provision generally. Also, in March 2001, shortly after the litigation was commenced, Knology was granted a preliminary injunction temporarily preventing "the portion of the questioned ordinance that has the effect of suspending Knology's franchise." Neither the declaratory judgment nor the preliminary or permanent injunctions were reversed by this Court's prior decision.

After this Court reversed and remanded the district court's grant of summary judgment in favor of Knology on its money damages claims, both sides filed motions to dismiss in the district court. Insight's motion claimed that dismissal was the only possible action in light of this Court's mandate on remand. Knology filed a competing motion for voluntary dismissal, with each side bearing its own costs. In opposing Knology's motion, Insight argued that it was entitled to costs under Fed. R. Civ. P. 54(d), which provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." The district court granted Knology's motion, dismissing the case with each party to bear its own costs, and denied Insight's motion as moot.

The district court reasoned that even though Knology ultimately lost on appeal its ability to seek money damages in light of the *Noerr-Pennington* doctrine, it still prevailed on its declaratory judgment claim regarding the validity of the automatic stay provision. Although this claim was formally against the city, Insight vigorously opposed the court's ruling. Given Knology's partial success, the district court deemed it inappropriate to award costs to Insight. In addition to determining that Insight was not a prevailing party under Rule 54, the district court also found that the case was "close and difficult," and that Knology "conducted this litigation in a proper, good faith manner." Dist. Ct. Op. at 4. Thus, even if Insight could have been deemed a prevailing party, the district court made clear that it would have exercised its discretion to refrain from awarding costs in an apparent alternative holding. Insight now appeals the district court's decision, seeking an order instructing the District Court to award it costs for the lawsuit.

II.

Insight attempts to argue that we should review de novo the district court's denial of costs, citing cases involving a district court's application of a mandate from the court of appeals on remand. This is a misleading position on Insight's behalf, as nothing in this Court's prior opinion spoke to the issue of awarding costs under Rule 54. The prior panel's opinion only spoke to the issue of whether Insight was protected from Knology's money damages claims based on *Noerr-Pennington* immunity. It did not clearly reverse the district court's declaratory judgment on the validity of the automatic stay provision under federal law and did not address the injunctive relief awarded to Knology. Thus it does not establish that Insight was a prevailing party on all of Knology's claims, nor can it be said that our present review involves the district court's application of a prior mandate from this Court.

As Knology correctly points out, in the context of attorney's fees provided by statute, we review a district court's determination of prevailing party status under the clear error standard. *Gregory v. Shelby County*, 220 F.3d 433, 447 (6th Cir. 2000) (applying clear error standard for prevailing party status under 42 U.S.C. §1988). We see no reason why the same standard of review should not apply to a determination of prevailing party status under Rule 54(d). The district court's decision denying costs to a prevailing party is reviewed for abuse of discretion. *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). Rule 54(d) states that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." This Court has held that "this language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court," and thus a decision denying costs to a prevailing party is reviewed for abuse of discretion. *Id.*, at 539. This Court has also identified "several factors a losing party may put forward that may be sufficient to justify a district court in overcoming the presumption in favor of a cost award, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Id.*

III.

**A. Prevailing Party Status**

Under this Court's precedent, there is no basis for reversing the district court's denial of costs. First, the district court's determination that Knology did prevail on some of its claims is not clearly erroneous. This Court's reversal of the summary judgment entered on behalf of Knology only applied to the money damages claims based on the automatic stay provision. That decision did not reverse the district court's declaratory judgment that the automatic stay was invalid under federal law, which the district court described as "a very important issue." Nor did it affect the injunctive relief awarded to Knology. The basis of the district court's finding of invalidity was that the automatic stay provision conflicted with the Cable Act of 1992, 47 U.S.C. §541(a). This Court's opinion did not reach the merits of this ruling, but only determined that *Noerr-Pennington* immunity barred money damages claims against Insight. This result supports the district court's conclusion that Knology prevailed in part over Insight.

Insight contends that this victory by Knology was only against the city of Louisville and that for Rule 54 purposes, it is still the prevailing party over Knology, even though Knology itself may have partially prevailed over the city. In support of this argument, Insight emphasizes that by modifying the permanent injunction it issued against Insight with regard to enforcement of the stay provision, the district court indicated that Insight in fact prevailed on this issue. As the district court made clear, however, the city in fact agreed with Knology on this issue and agreed to release Knology from the stay, and only Insight opposed this argument. Thus, according to the district court, Insight — not the city — is the party responsible for this issue being litigated, and Knology's partial victory here can only be described as against Insight as "[i]t was Insight who fought that

battle and lost." Dist. Ct. Op. at 4. In fact, had the district court looked only to the nominal subject of the injunction, rather than the real winner and loser on this point of contention, its prevailing party analysis would have been incomplete. The district court's more complete view of the litigation supports the conclusion that there was no prevailing party when the lawsuit is examined in its entirety, and that Insight is not presumptively entitled to costs.

Insight also contends that based on Knology's voluntary dismissal of its case with prejudice, Insight is by definition the prevailing party under Rule 54 and entitled to costs. Insight's argument is based on the formalistic view that by terminating its action without first amending the complaint, Knology lost all of its claims, including the declaratory judgment claim on which it may have initially prevailed. This is a correct statement of the law regarding the effect of a voluntary dismissal. *See Mgmt. Investors v. United Mine Workers*, 610 F.2d 384, 393 (6th Cir. 1979). Even so, however, it does not mean that there was no value to Knology of having the declaratory judgment and injunctive relief entered on its behalf, even if it subsequently decided not to make any use of those rulings.

The declaratory judgment was a victory for Knology, and could have provided it some assistance in its attempt to alter the status quo. Knology also presumably benefitted from having an injunction entered in its favor preventing enforcement of the automatic stay — even if it did not enter the Louisville cable market at the time, the court's order improved its ability to do so, or to negotiate a favorable settlement or other related benefit. Its decision to dismiss the case voluntarily with prejudice could well be based on an assessment of the value of the lawsuit and a conclusion that given the unavailability of money damages, it no longer made economic sense for it to litigate. This chosen route does not necessarily mean Knology was not a prevailing party on an issue on which it had previously been granted relief. Indeed, the policy behind Rule 54(d) of providing a disincentive for the prosecution of frivolous lawsuits would be undermined if a party like Knology that prevailed in part and received some preliminary relief was dissuaded from making a business decision to stop litigating because without additional success, it would be forced to pay its opponent's costs.

The district court's determination as to prevailing party status would have justified its denial of costs to either side, as Insight was not entitled to a presumption of costs under Rule 54(d).

## B. Denial of Costs

Even if the district court had been "clearly erroneous" in its determination of prevailing party status, which we hold it was not, it certainly did not abuse its discretion in its alternative holding denying costs. This Court has stated that because "the issue [of costs] is in the discretion of the trial court, it requires a substantial showing for us to rule that this discretion was abused. Generally, this would require the lower court ignoring the criteria set by Sixth Circuit, or otherwise a certainty on our part that a clear error in judgment was committed." *Singleton,* 241 F.3d at 539-540. The criteria on which this Court has focused include "the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Id.* The district court explicitly considered those factors here, noting that "this was a close and difficult case," "Knology conducted this litigation in a proper, good faith manner," and "Insight objected to [the declaratory judgment ruling regarding the validity of the stay], driving up the costs of this litigation." D. Ct. Op. at 4. In addition to its conclusion that Knology achieved some partial success in its suit, the district court found that these other factors "support this court's ultimate decision that the parties should bear their own costs." Given its consideration of these factors, the district court certainly did not "ignore the criteria set by the Sixth Circuit," and there seems little basis to support a "certainty that an error was committed."

Insight attempts to argue with the district court's findings that the case was close and difficult, that Knology acted in good faith, and that it drove up the cost of the litigation. Although the prior panel decision from this Court reversed the district court's *Noerr-Pennington* ruling by determining that the filing of Insight's state court lawsuit and the invocation of the automatic stay provision were a single act rather than two separate acts, this is a fairly nuanced question on which reasonable minds could differ. The district court was not wrong in later finding that this was a close issue, despite Insight's suggestion that the answer was obvious from the outset. A ruling now that this was not at least a close question would require this Court to essentially determine that reasonable minds could not differ on this point, which would insinuate that the district court was consequently not guided by a reasonable mind. There is no basis for this panel to take such a position, and Insight's implicit request that we do so is condescending to the district court and unjustified.

The district court's denial of costs was not only based on its determination that the case was close and difficult; it also found that Knology acted in good faith and that Insight was responsible for driving up the costs of the litigation. These types of determinations illustrate why a determination regarding costs is best left to the district court's discretion, as it is clearly in the best position to make such observations. Insight presents no principled basis for this Court to question these findings. The district court correctly applied Sixth Circuit law in denying costs based on these factors as well as the closeness of the case. *See White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986) ("the district court's denial of costs can be upheld on the basis of the plaintiffs' good faith, the defendant's unnecessary costs, and the difficulty of the case.").

Finally, Insight asks this Court to modify its precedent, asserting that "the Sixth Circuit is in the minority in allowing a district court to deny the prevailing party costs based solely on the closeness or complexity of a case."[1] A review of this Court's precedent indicates that this is not a correct summary — rather, the closeness of a case is one of several criteria mentioned as a basis for denying costs. *See Singleton*, 241 F.3d at 539; *White & White*, 786 F.2d at 730 ("the district court's denial of costs can be upheld on the basis of the plaintiffs' good faith, the defendant's unnecessary costs, and the difficulty of the case."). Because this Circuit looks to several factors as a basis for denying costs, and several of those factors are present here, this case does not present any basis to re-examine our precedent regarding the denial of costs, even if this panel were inclined to entertain such a request.

## IV.

Insight's present appeal relies on its disingenuous mischaracterizations of the prior panel's opinion, of this Court's precedent governing the issuance of costs under Rule 54, and of the nature of this case and the relief awarded to Knology by the district court. The district court's denial of costs to Insight was well-reasoned, and certainly cannot be described as an abuse of discretion. The arguments Insight has presented to this Court are not well taken, and the district court's denial of Insight's request for costs under Fed. R. Civ. P. 54(d) is therefore AFFIRMED.

---

[1] At oral argument, counsel for Insight presented a modified version of this argument, claiming that this Circuit is in the minority in considering the closeness of a case to be a factor at all in the decision to award costs. However Insight might choose to frame its comparative analysis of federal case law on this issue, it has not presented any principled basis for this panel to question the precedent of our Circuit which considers the closeness of a case to be one factor among several in the district court's decision regarding costs.