NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0032n.06
Filed: January 15, 2009

Nos. 07-5467, 07-5468

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JESSE HURD,                                       :
                                                  :
    Plaintiff-Appellant/Cross-Appellee,      :
                                                  :          ON APPEAL FROM THE
v.                                                :          UNITED STATES DISTRICT COURT
                                                  :          FOR THE WESTERN DISTRICT OF
                                                  :          TENNESSEE, WESTERN DIVISION
                                                  :
AMERICAN RIVER TRANSPORTATION :
CO.; KENNY WELCH,                                 :
                                                  :
    Defendants-Appellees/Cross-Appellants.:


**BEFORE: BOGGS, Chief Judge; and CLAY, Circuit Judge; BERTELSMAN, District Judge.**[*]

**BERTELSMAN, District Judge**:

Plaintiff-appellant Jesse Hurd appeals the district court's "Order of Judgment and the Order Denying Motion for Judgment as a Matter of Law, In the Alternative, Motion for New Trial and Motion for Additeur [sic] of the Plaintiff's [D]amages."[1] The defendants-appellees cross-appeal arguing that the trial court erred: 1) in ruling defendant Welch was negligent as a matter of law; 2) in making certain evidentiary rulings; and 3) in denying their motion for costs.

_____

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

[1]This characterization of the district court's entry is taken from Hurd's notice of appeal. (JA 103).

1

With respect to the issues raised by Hurd's appeal, we hold that sufficient evidence existed to support the trial court's decision to submit the issue of comparative negligence to the jury and that it did not err in denying the motion for a new trial or in instructing the jury. Therefore, we affirm the district court on these issues. With respect to the issues raised by the defendants' cross-appeal, we affirm the district court's denial of costs and dismiss for lack of jurisdiction the remaining issues regarding the claims of the Estate of Robert Thomas, Jr.

The evidence established that Hurd had a ski boat in his possession that was in need of repair. Hurd hired Robert Thomas, Jr. to perform the needed repairs. After Thomas performed some initial work, the two men took the boat out on McKellar Lake for a test run. The boat's engine stopped working, and the boat had to be pulled back to shore by another boat. After Thomas performed some additional repairs, the men took the boat out on the Mississippi River for another test run. Despite their prior experience at McKellar Lake, the men did not equip the boat with a backup starter or trolling motor, oars or paddles, a marine radio, warning flags, or an air horn. Nor did they take a cell phone with them.

Approximately 15-20 minutes after the boat was launched into the river, the engine stopped running. Hurd testified that, although they were adrift in the river, he did not perceive any immediate danger because he looked around and did not see anything troublesome. At the time, however, the M/V COOPERATIVE ENTERPRISE, a tow boat, was heading upriver pushing 35 empty barges, five across and seven deep.

Defendant Kenny Welch, who was operating the tow boat, testified that, when he first noticed Hurd's ski boat, it was not in his direct path and he did not consider its presence unusual. Welch did not notice anything about the boat or its occupants that indicated that they were in

2

distress. As Welch got closer, he noticed the ski boat had moved into the barges' path. Welch put his tow boat in reverse to slow the momentum of the barges and tried to radio the plaintiffs, but received no response. Welch also blasted his danger signal and observed the boat through binoculars, but its occupants did not seem alarmed. Welch testified that he had previously experienced boats drifting near the barges but then they sped away as the barges neared. The ski boat drifted in front of the barges. Prior to the boat's making contact with the lead barge, the plaintiffs jumped, with only Hurd wearing a life jacket.

Nearby, the Spencer family was fishing in their boat. Mr. Spencer, being a former tow boat operator, testified that he was not initially concerned for the plaintiffs' safety because they did not appear to be in distress and he had in the past observed boaters drifting near a barge and speeding away. Upon hearing the danger horn, Mr. Spencer tried to assist the plaintiffs. He saw the plaintiffs jump, tried to rescue both, but was only successful in rescuing Hurd. Mr. Thomas drowned.

Hurd and the Estate of Robert Thomas, Jr. filed separate suits in the United States District Court for the Western District of Tennessee, based on diversity as well as admiralty and maritime jurisdiction, which the district court consolidated. Eventually, the matter proceeded to a jury trial. The first jury was unable to return a verdict on either claim, resulting in a mistrial. After the mistrial, the district court ruled that the defendants were negligent as a matter of law by not yielding the right of way to the disabled boat. At the conclusion of a second trial, the jury returned a verdict finding that Hurd was fifty-percent at fault as were the defendants, and finding damages in the amount of $60,000. The second jury could not reach a verdict on Thomas's claims and the court entered a mistrial in his case and severed the cases.

Pursuant to Tennessee law, Hurd could not recover any damages because the jury found Hurd and the defendants equally at fault. *McIntyre v. Balentine*, 833 S.W.2d 52, 57 (Tenn. 1992). Hurd filed a motion for judgment as a matter of law or, in the alternative, motion for a new trial, arguing that there was no evidence from which the jury could have found he was negligent. The district court disagreed and denied the motion, entering judgment pursuant to the jury's verdict for the defendants.

We hold that the evidence presented at trial was sufficient to support the jury's verdict that Hurd was fifty-percent at fault.[2] The issue was one of fact and there was evidence from which the jury could reasonably find that: 1) given Hurd's experience on McKellar Lake, he did not properly equip the boat; 2) he did not wave his arms or otherwise alert others that the boat was in distress; and 3) the Mississippi River was not an appropriate place to test the boat. Accordingly, we hold that the issue of comparative fault was properly submitted to the jury, and that the district court did not err in concluding that the jury's verdict was not against the weight of the evidence. Thus, the district court did not abuse its discretion in denying Hurd's motion for a new trial.

We also hold that Hurd waived, except for plain error, his challenge to the jury instructions because he failed to object at trial. Fed. R. Civ. P. 51(d). The district court timely remedied the copying error that occurred in the first set of instructions and the instructions were

---

[2]We disagree with Hurd that the jury acted inconsistently in finding him fifty-percent negligent while being unable to reach a verdict on Thomas's case. The factual issues in Thomas's case were significantly different from Hurd's given the fact Thomas did not wear a life jacket. Thomas was also more experienced in boating on the Mississippi River than Hurd. Further, the failure to reach a verdict regarding one of the plaintiffs cannot be inconsistent because there was no verdict. *See United States v. Sasser*, 974 F.2d 1544, 1560-61 (10th Cir. 1992). *Cf. United States v. Shipp*, 359 F.2d 185, 189 (6th Cir. 1966).

4

adequate under the facts of this case. Therefore, we hold that Hurd's claims lack merit.

As to the defendants' cross-appeal, we hold that the district court did not abuse its discretion in denying defendants' motion for costs under Federal Rule of Civil Procedure 54(d)(1).[3] As the district court noted, the jury found both parties fifty-percent at fault and awarded monetary damages to Hurd. This was a "close and difficult case" and one with which the district court was very familiar, having conducted a previous trial wherein the jury was unable to reach a verdict. *Knology, Inc. v. Insight Communications Co.*, 460 F.3d 722, 728-29 (6th Cir. 2006). There is also no evidence that Hurd did not act in good faith. The district court concluded that each party should bear his/its own costs. We hold that the district court did not abuse its discretion in not awarding costs to the defendants.

We do not have jurisdiction over the defendants' remaining issues[4] because, based on our decision regarding Hurd's claims, these issues will impact only the retrial of the claims of the Estate of Robert Thomas, Jr. Not only is the Estate of Robert Thomas, Jr. not a party before this court, but these issues are not the subject of a final appealable order. Therefore, we have no jurisdiction over the remaining issues raised in the cross-appeal.

---

[3]Federal Rule of Civil Procedure 54(d)(1) provides, in relevant part:
**(d) Costs; Attorney's Fees**.
**(1) *Costs Other Than Attorney's Fees***. Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party.

*See also* 28 U.S.C. § 1920.

[4]The defendants also assert in their cross-appeal that the trial court erred in: 1) ruling that the defendants were negligent as a matter of law; 2) ruling that Mr. Spencer could not testify as an expert; and 3) admonishing the jury to view Mrs. Spencer's testimony with greater suspicion because she had talked to her husband about his experience testifying before she testified.

5

For the reasons discussed above, the judgment of the district court is **AFFIRMED**.