NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0605n.06

No. 14-6197

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Aug 26, 2015

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| BETH FREEMAN, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| v. | ) ) ) | |
| BLUE RIDGE PAPER PRODUCTS, INC., | ) ) | |
| Defendant-Appellee. | ) ) | |

BEFORE: MOORE, SUTTON, and WHITE, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Plaintiffs Beth Freeman and other similarly situated landowners (Plaintiffs) initiated this class action against Blue Ridge Paper Products, Inc. (Blue Ridge), alleging nuisance. The district court entered summary judgment for Blue Ridge and this court affirmed on appeal. Blue Ridge, as the prevailing party, submitted a bill of costs totaling $24,145.84, which the district court clerk reduced to $15,101.07. Plaintiffs appeal the award, arguing that no costs should be awarded because 1) they acted in good faith and with propriety during the course of the litigation; 2) the case was close and difficult; and 3) Blue Ridge's inclusion of unnecessary, unreasonable, and unsubstantiated charges should have caused the court to award no costs at all. Alternatively, Plaintiffs argue that the costs should be reduced to $10,012.20, based on five charges they claim are improper. We **REMAND** for computation of the taxable portion of the conference room charge, and **AFFIRM** as to all other costs.

**I.**

Blue Ridge's paper mill was established in the early 1900's in Canton, North Carolina, on the Pigeon River, approximately twenty-six miles upstream from the Tennessee-North Carolina border. The Pigeon River flows north from outside of Asheville, North Carolina, through Canton, North Carolina, and then continues through Cocke County, Tennessee. Plaintiff Freeman initiated the instant litigation on October 11, 2005, in Tennessee state court.[1] Freeman and the 300 class members are citizens of Cocke County and own real property adjoining and/or abutting the Pigeon River downstream from the Canton, North Carolina, mill. Freeman alleged that in the course of operating the mill, Blue Ridge discharged a number of pollutants into the Pigeon River, which resulted in odor, discoloration, and foaming, and caused injuries to her and the class, including loss of enjoyment of their real property; impaired quality of life and water; personal discomfort, fear, stress, annoyance, and inconvenience; loss of recreational use of the river; and loss of rental value of properties located on or near the river.

Plaintiffs sought damages accruing from August 17, 2005, until the trial date, but disavowed damages in excess of $4.9 million, presumably to avoid removal to federal court under the Class Action Fairness Act (CAFA). Blue Ridge removed the case to the United States District Court for the Eastern District of Kentucky on January 12, 2006, but the district court remanded the case to state court after finding that it was more likely than not that Freeman's claims did not meet the amount-in-controversy requirement. On remand, after the court granted leave to amend the complaint on September 13, 2007, Plaintiffs limited their action to a six-

---

[1] The instant action was filed just weeks after Freeman, as representative of the same class of landowners, recovered a two million dollar jury verdict on the same theory as the instant case for the June 1, 1999 to August 17, 2005 class period. *See Freeman v. Blue Ridge Paper Prods., Inc.*, 229 S.W.3d 694, 701 (Tenn. Ct. App. 2007).

month period—August 17, 2005 to February 17, 2006—and filed four additional actions in Tennessee state court covering successive six-month periods. As in the original complaint, each of the individual complaints capped damages at $4.9 million overall, or $74,000 per plaintiff. On February 4, 2008, Blue Ridge removed the four additional suits to federal court.

The district court remanded the cases to the Tennessee state court, finding that the first suit was untimely removed and that Blue Ridge had failed to show that the other four actions more likely than not met the amount-in-controversy requirement. Blue Ridge appealed, and this court held that the action should remain in federal court because Plaintiffs divided their case into separate actions only to avoid federal court jurisdiction, and therefore the damages in each of the five cases should be aggregated. *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405 (6th Cir. 2008).

Blue Ridge filed a motion for summary judgment as to all claims, which the district court granted, finding that Plaintiffs did not introduce sufficient evidence of causation. As the prevailing party, Blue Ridge filed its bill of costs totaling $24,145.84, together with supporting documentation. Plaintiffs appealed the grant of summary judgment, and the district court stayed assessment of the costs pending appeal. After this court upheld summary judgment for Blue Ridge, *Freeman v. Blue Ridge Paper Prods., Inc.*, 529 F. App'x 719, 720 (6th Cir. 2013), the district court clerk directed the parties to report on the status of costs and file any objections to the bill of costs. Blue Ridge's updated report stated that its calculation of costs remained unchanged, and Plaintiffs filed lengthy objections.

The district court clerk issued findings recommending that the costs be reduced to $15,101.07. The clerk disallowed a number of expenses because of inadequate documentation or because the costs were not chargeable under the applicable laws and guidelines. At Plaintiffs'

request, the district court reviewed the clerk's findings de novo and ordered that the costs be taxed as recommended by the clerk. Plaintiffs timely appealed.

## II.

## A.

Plaintiffs first argue that the entire award of costs should be vacated, based on the totality of the circumstances, including that: 1) they acted in good faith and with propriety during the course of the litigation; 2) this case was close and difficult; and 3) Blue Ridge's bill of costs included a number of unnecessary, unreasonable, and unsubstantiated charges. Blue Ridge responds that costs are presumptively awarded to the prevailing party and there is no legal authority supporting appellate review of the factors Plaintiffs set forth.

We review a district court's award of costs for abuse of discretion. *Jones v. Continental Corp.*, 789 F.2d 1225, 1233 (6th Cir. 1986). "In order to award costs to a prevailing party, the court must determine that the expenses are allowable cost items and that the amounts are reasonable and necessary." *Baker v. First Tennessee Bank Nat. Ass'n*, 142 F.3d 431, 1998 WL 136560 at *2 (6th Cir. 1998) (internal citations omitted). "Since costs are presumptively awarded and the issue is in the discretion of the trial court, it requires a substantial showing for us to rule that this discretion was abused." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). "Generally, this would require the lower court ignoring the criteria set by Sixth Circuit, or otherwise a certainty on our part that a clear error in judgment was committed." *Knology, Inc. v. Insight Commc'ns Co., L.P.*, 460 F.3d 722, 728 (6th Cir. 2006) (citations omitted).

Under Federal Rule of Civil Procedure 54(d)(1), "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." This Rule "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Singleton*, 241 F.3d at 539 (6th Cir. 2001) (citing

No. 14-6197, *Freeman v. Blue Ridge Paper Prods., Inc.*

*White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)). Further,

28 U.S.C. § 1920 provides that a judge or clerk of court may tax the following as costs:

> 1) Fees of the clerk and marshal; 2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; 3) Fees and disbursements for printing and witnesses; 4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; 5) Docket fees under section 1923 of this title; 6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

"The party objecting to the clerk's taxation has the burden of persuading the court that it was

improper." *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) (citing 10

Charles Alan Wright et al., *Federal Practice and Procedure* § 2679 (3d ed. 1998)).

As Plaintiffs point out, however, this court has described circumstances in which a denial

of costs is a proper exercise of discretion under 54(d)(1), including: "cases where taxable

expenditures by the prevailing party are unnecessary or unreasonably large, cases where the

prevailing party should be penalized for unnecessarily prolonging trial or for injecting

unmeritorious issues, cases where the prevailing party's recovery is so insignificant that the

judgment amounts to a victory for the defendant, and cases that are close and difficult." *White &

White*, 786 F.2d at 730 (holding that district court's denial of costs based on the reasons

enumerated above and others was a proper exercise of discretion).

**B.**

Relying on *Baker v. First Tennessee Bank National Association*, 142 F.3d 431 (6th Cir.

1998) (table), Blue Ridge argues as an initial matter that there is no legal foundation for appellate

review of the discretionary factors Plaintiffs rely on, and review is limited to cases in which the

trial court exercised its discretion to deny costs. This court stated in *Baker*:

> Unlike the present case, which involves an appeal from an award of costs, *White & White* involved an appeal from a denial of costs to a prevailing party; thus, in

> *White & White,* this Court was addressing when a denial of costs is a proper exercise of discretion. *White & White* does not appear to govern our situation-i.e., where a district court has awarded costs to the prevailing party and this award is appealed by the losing party . . . . [W]hen reviewing an award of costs, this Court carefully reviews whether an expense is recoverable as a cost, however, this Court will not overturn a district court's determination that a cost is reasonable and necessary absent a clear abuse of discretion.

*Baker*, 142 F.3d at *2. Plaintiffs counter that this court may review their claims because they have demonstrated "that the district court improperly applied the law or used an erroneous legal standard." We need not parse the wording of Plaintiffs' arguments because they fail in any event.

## C.

Plaintiffs first argue that they brought their action in good faith as evidenced by their having been successful in a previous suit on the same theory and their having achieved many successes over the course of the instant litigation, including obtaining an order for remand to Tennessee state court in 2006, prevailing on their motion to certify the class, and successfully defending Blue Ridge's motion to change venue. However, the district court clerk, citing *White & White*, 786 F.2d at 730, correctly noted that although good faith may be a relevant consideration, it is not, without more, adequate to deny costs. Therefore, Plaintiffs' argument fails and we need not engage the parties' sub-arguments regarding whether Plaintiffs did, or did not, bring the action in good faith.

Plaintiffs next argue that costs should not be awarded because the case was close and difficult, taking over seven years between filing and the award of summary judgment. The clerk and the district court found that the closeness and difficulty presented by the issues in the case did not meet the standard established by the Sixth Circuit. "The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required

to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *White & White*, 786 F.2d at 732–33 (finding that the district court did not abuse its discretion in denying costs to prevailing party because the case was close and difficult). However, *White & White* involved an 80-day trial with 43 witnesses, 800 exhibits, over 15,000 pages of transcripts, and a 95-page opinion by the court. Here, as Blue Ridge points out, nuisance law is well settled. Moreover, this case did not require trial, as the district court disposed of the matter at summary judgment, holding there was no genuine dispute regarding whether Blue Ridge caused the damages Plaintiffs claimed. Plaintiffs cite no authority supporting their assertion that the case was so close and difficult as to render the award of costs an abuse of discretion or contrary to law.

Lastly, Plaintiffs maintain that the district court abused its discretion by not denying all costs based on the deficiencies of Blue Ridge's bill of costs. Specifically, Plaintiffs argue that because a number of costs requested by Blue Ridge were inadequately described or not permitted under applicable law and therefore disallowed by the clerk, the district court should have denied the entire cost award. Plaintiffs offer no support for this argument, and this court has stated: "Although the court may deny unnecessary costs, unnecessary costs are not a reason for denying all costs." *White & White*, 786 F.2d at 732.

In sum, Plaintiffs' argument that the district court abused its discretion in awarding costs fails.

### III.

In the alternative, Plaintiffs argue that the costs should be reduced to eliminate the following charges: 1) $255.05 for the cost of a motion-hearing transcript from a state court proceeding; 2) $100.00 for a court reporter attendance fee for a witness deposition that did not

occur; 3) $341.12 in witness fees for witnesses whose testimony was not used by Blue Ridge; 4) $3,992.70 for copies made for the convenience of counsel or the district court, but which were not necessary to the litigation of the case; and 5) $400.00 for a conference room rental for depositions, absent reasonable explanation. Plaintiffs do not meet their burden of demonstrating that these costs are impermissible, and we therefore affirm.

First, Plaintiffs argue that the $255.05 state-court pretrial motion-hearing transcript from December 11, 2007 was improperly taxed because the court's written order—issued February 1, 2008—not the hearing itself, provided the basis for removal. Blue Ridge maintains that the additional analysis reflected in the transcript was necessary to understand the court's decision, and that under the applicable local rule, counsel for the prevailing party was required to draft the formal order and the transcript was reasonably necessary in preparing the order. The district court did not abuse its discretion in determining that the transcript was reasonable and necessary.

Plaintiffs next take issue with a court reporter attendance charge of $100.00 for a deposition that their subpoenaed witness, Gay Webb, failed to attend. The $100.00 covered the reporter's two-hour minimum fee, which was incurred without regard to whether the deposition actually took place. Because Webb was identified in Plaintiffs' initial disclosures as having information regarding the class-action claims, his deposition was reasonably necessary. It is well-settled that the costs of "taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). Plaintiffs cite no authority indicating that this charge is improper and have not demonstrated that the court abused its discretion.

Plaintiffs also take issue with $341.12 in charges for fact-witness attendance and mileage fees for six depositions taken in connection with Blue Ridge's motion for summary judgment.

Although attendance fees of $40.00 per day and mileage costs are permitted under 28 U.S.C. § 1821, Plaintiffs argue that these costs are impermissible because the depositions of the six witnesses, identified in Plaintiffs' initial disclosures as having information related to the class-action claims, "were not used by the Defendant to support its summary judgment motion." The clerk determined that these costs were proper under both 28 U.S.C. § 1821 and the Guidelines to the Eastern District of Tennessee's Local Rule 54.1(c)(4), which permits costs "for depositions taken in support of a successful summary judgment motion." Moreover, the clerk noted that Plaintiffs did not object to the taxation of these costs. However, Plaintiffs did make a general objection to all costs taxed for depositions:

> Not all depositions, even where cited in a successful motion for summary judgment, result in costs that are taxable. In order to be considered necessary and thus make certain costs related to it potentially taxable, a deposition must be more than a fleeting reference; the Court must rely upon it when granting summary judgment, or the prevailing party must otherwise explain why the deposition was necessary. In the instant matter, Defendant is seeking costs for depositions without any indication as to why they were actually necessary. On this ground alone, Defendant's bill of costs should be denied with respect to deposition-related expenses.

In support, Plaintiffs cited *Delgado v. Hajicek*, No. CIV.07-2186 RHK/RLE, 2009 WL 2366558, at *3 (D. Minn. July 30, 2009), which denied the cost of a deposition transcript when the deposition was not relied on by the defendants in their motion for summary judgment or by the court in its disposition of that motion, and defendants failed to explain why the deposition was necessary. In its memorandum in support of the bill of costs, Blue Ridge offered the cursory explanation that "The depositions of the fact and expert witnesses who were expected to testify were necessary to establish the basis of the summary judgment motions filed in this case . . ." But, in response to Plaintiffs' objections to its bill of costs, Blue Ridge further explained that

> each and every one of the deposed witnesses was identified by Plaintiffs as having information to support the claims of the Plaintiff and the Certified Class. The

> information provided in Plaintiff's Rule 26(a)(1) disclosure is general and vague, making it a manifestly insufficient basis for Defendant's successful summary judgment motion. When it deposed the witnesses whom Plaintiffs had identified as being integral to the resolution of the case, Defendant reasonably believed that each of those witnesses would play such a role—and Plaintiffs did indeed attempt to pivot the case on the testimony of those witnesses.

Plaintiffs do not refute Blue Ridge's explanation for taking these depositions—that based on Plaintiffs' disclosures that the deposed witnesses had information essential to their claims, the depositions, which ultimately revealed the irrelevance of most of Plaintiffs' witnesses, were necessary for Blue Ridge to develop its arguments for summary judgment. "Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales*, 873 F.2d at 120. The district court did not abuse its discretion in allowing these charges to be taxed.

Plaintiffs also challenge $3,992.70 charged for copy fees, arguing that the expense is excessive and the records submitted in support of the costs are insufficient. Further, Plaintiffs object that Blue Ridge did not demonstrate that "the copies are necessarily obtained for use in the case," as is required under 28 U.S.C. § 1920(4). The clerk found Blue Ridge adequately substantiated the copy charges by submitting the documentation on the required form, AO-133, and by noting the following for each charge: a) the date; b) the purpose; c) the payee and record; d) an explanation of the reason, quantity, and unit cost; and e) the dollar amount. Further, the clerk determined that large numbers of copies were taxable in this case because in its scheduling order, the district court required the parties to submit courtesy copies of some pleadings and trial exhibits and further required the parties to submit a paper copy of any pleading in excess of 10 pages. In reviewing the bill of costs, the clerk disallowed costs for copies obtained for counsels' own use or convenience, and accordingly reduced Blue Ridge's copy costs by $723.60. Plaintiffs maintain that the copies prepared for the convenience of the trial court are not

necessary and therefore not taxable. In support, Plaintiffs cite case law from the Tenth Circuit stating that "[t]he necessarily obtained for use in the case standard does not allow a prevailing party to recover costs for materials that merely added to the convenience of counsel or the district court." *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) (internal quotations and citations omitted); *see also U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988) ("Necessarily obtained does not mean that the materials and services obtained added to the convenience of counsel ... and perhaps ... have made the task of the trial judges easier") (internal citations and quotations omitted)). However, neither *In re Williams*—which ultimately upheld the copy costs taxed by the district court—nor *U.S. Industries, Inc.* speaks to copies made in compliance with a court's order. The district court did not abuse its discretion in allowing these costs.

Lastly, Plaintiffs challenge the $400.00 total ($100.00 per day for four days) rental fee for the Newport, Tennessee, Holiday Inn Express conference room used for depositions. According to Plaintiffs, Blue Ridge did not identify the reason it rented the room and did not make an effort to secure a lower-cost location, such as a conference room at a local law firm. Plaintiffs further contend that the cost of renting a conference room for a deposition is not a recoverable expense, but is instead regarded as an ordinary business expense.

Section 1920 does not refer to deposition costs. However, in *Sales*, 873 F.2d at 120, this court made clear that § 1920 applies to deposition proceedings as well as proceedings before the court. Section 1920(2) allows for "fees for printed or electronically recorded transcripts," and § 1920(3) permits "disbursements for printing and witnesses." Regarding § 1920(3) witness fees, § 1821 provides for the payment of mileage expenses and daily allowances to witnesses.

A witness's "normal travel expenses . . . shall be taxable as costs pursuant to section 1920." 28 U.S.C. § 1821(c)(4).

It appears that no circuit court has addressed whether the cost of a room rental for depositions is taxable under § 1920. Although some district courts have approved room-rental costs, *see, e.g., Franklin v. Pinnacle Entm't, Inc.*, No. 4:12-CV-307 CAS, 2014 WL 1356126, at *3 (E.D. Mo. Apr. 7, 2014) (allowing room-rental cost for a video deposition of an out-of-town witness); *Jarvis v. Ford Motor Co.*, No. 92 CIV. 2900 (NRB), 2003 WL 1484370, at *1 (S.D.N.Y. Mar. 21, 2003) (court used its discretion to allow room-rental cost for videotaped deposition), others have not, *see, e.g., Olivarius v. Tharaldson Prop. Mgmt. Inc.*, No. 08 C 463, 2012 WL 1117468, at *3-4 (N.D. Ill. Apr. 3, 2012) ("we decline to tax these expenses and require plaintiffs to reimburse those costs incurred when defendant decided to take those depositions via video conference rather than in person"); *J.G. v. Carnival Corp.*, No. 12-21089-CIV, 2013 WL 5446412, at *3 (S.D. Fla. Sept. 28, 2013) (denied fees for room rental as incidental to the taking of the deposition and thus not permitted under § 1920). Some district courts have disallowed the cost of a conference room rental because the cost was inadequately explained. "This expense is not taxable under § 1920 and the court will disallow the expense because Branham's council [sic] fails to identify the reason for the room rental. Without more detailed information, the court cannot assess the reasonableness of the expense." *Branham v. Snow*, No. 1:01-CV-0152-JDT-WTL, 2006 WL 1750443, at *16 (S.D. Ind. June 19, 2006); *see also McFarland v. McFarland*, No. C08-4047-MWB, 2011 WL 5554267, at *5 (N.D. Iowa Nov. 15, 2011) (disallowed cost when party offered no explanation for why they rented a conference room rather than use the office of one of the attorneys).

Here, Blue Ridge explained to the district court and reiterates on appeal that renting the conference room, which was conveniently located near the witnesses, was more efficient and less burdensome than requiring each witness to travel approximately 50 miles each way to counsel's office in Knoxville, Tennessee, particularly because some of the depositions were short. The clerk found this explanation sufficient and cited *Youngberg v. McKeough*, No. 1:10-CV-916, 2012 WL 6200650, at *3 (W.D. Mich. Dec. 12, 2012) ("It was also proper to tax the costs of the conference room rental for the depositions . . .") (citing *True N. Energy, LLC v. Chi. Title Ins. Co.,* No. 3:10–CV–1100, 2011 WL 5362063, at *4 (N.D. Ohio Oct. 27, 2011)) in upholding the charges.

Blue Ridge provided an adequate explanation that sufficiently connected the room rental cost to the actual depositions, rather than general business overhead—specifically, the convenience to the witnesses and the reduction of otherwise taxable travel costs. We conclude therefore that the district court did not abuse its discretion in finding the cost of the conference room taxable to the extent that the rental mitigated the taxable mileage costs clearly allowable under 28 U.S.C. § 1821. We therefore remand for computation of the taxable portion of the $400.00 conference room rental charge.

## IV.

We **REMAND** for computation of the taxable portion of the conference room charge, and **AFFIRM** as to all other costs.

SUTTON, J., concurring in large part and dissenting in small part. I concur in all but the last part of Judge White's thorough and persuasive opinion.

As to the last part: A district court may impose costs on the losing party by rule (Civil Rule 54(d)(1)) with respect to items established by statute (28 U.S.C. § 1920). *See Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2001 (2012). Section 1920 identifies twelve taxable costs: "clerk" fees, "marshal" fees, fees for "printed" transcripts, fees for "electronically recorded transcripts," "printing" fees, "witness[]" fees, "exemplification" fees, fees for "making copies of any materials," "[d]ocket fees," fees for "court appointed experts," fees for "interpreters," and last of all fees for "special interpretation services." Missing from that list is the cost of renting a conference room to take a deposition. Under *Taniguchi*, that's all there is to it: Conference-room rental fees do not count as taxable costs.

In reaching a contrary decision, the majority concludes that recovery of these conference-room rental fees should be permitted because the room rental saved the losing party two types of costs—witness fees and associated travel costs—that otherwise could have been taxed. Reasonable as that may sound, this approach creates three problems.

One, it is "Congress's province," not ours, to add a new item to § 1920's already lengthy list of taxable costs. *See EEOC v. Abercrombie & Fitch Stores, Inc.*, 135 S. Ct. 2028, 2033 (2015).

Two, what may appear reasonable today may not look so reasonable tomorrow. "In for a penny in for a pound," the next court may say, permitting *all* conference-room rental fees to be taxed as costs no matter the explanation—*just* like the other twelve items listed in § 1920. Or perhaps the next court will permit such costs only when they mitigate "otherwise taxable [witness] travel costs" recoverable under § 1920(3), as today's court does. *Supra* at 13. The

former approach adds words, but not a limiting explanation, to the statute. The latter approach adds *still more* words to § 1920(3), leaving us with this addendum: "fees for conference-room rental (so long as the cost was incurred to save other costs recoverable under this section)." Inelegance is the least of our worries at that point. The reason for enumerating this "modest" and "narrow" set of cost-shifting options, *Taniguchi*, 132 S. Ct. at 2006—and for permitting "[a] judge *or* clerk" to impose the costs, 28 U.S.C. § 1920 (emphasis added)—is to create a simple, mechanical, and easy-to-implement process because the stakes (under $400 today) usually are so low. *See generally Taniguchi*, 132 S. Ct. at 2006; *cf. In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007) (noting that costs are typically taxed "as a matter of course" by the clerk of court). A functional approach to cost shifting is anything but easy and mechanical.

Three, if functionalism works for conference-room rental fees, why not for other substitutes? I see no reason why the majority's analysis would not apply to all of § 1920's subsections, turning everyday cost calculations into exercises in cost swapping—imposing unidentified costs on the losing party whenever the winning party claims they saved identified costs. Could an attorney offset all or some of the cost of purchasing the most recent gadget because it reduced "the costs of making copies" and "transcripts"? 28 U.S.C. § 1920(2), (4). Could an attorney recover the cost of Rosetta Stone software to avoid interpreters' fees? § 1920(6). The list goes on. Only imagination, as opposed to a carefully itemized list of twelve taxable costs, will limit the reach of what may be taxed, undermining the text of § 1920 and its purpose to boot.

The majority seeing things differently, I respectfully dissent from this one part of its decision.